## SAWYER v. ARNOLD.

In an affidavit for an attachment it is sufficient that plaintiff swear that, defendant is about to
leave the State "*permanently.*" It is not necessary to swear that he is about to leave the
State "*forever.*" C. P. 240, 243.

APPEAL from the District Court of Catahoula, *Mayo*, J.
*Sawyer*, appellant, *pro se*. *Phelps*, on the same side.

*Purvis* and *O. Mayo*, for the defendant. The remedy by attachment is harsh,
and those who resort to it must comply strictly with the forms of the law. 8 La.

586. 3 Rob. 232. The affidavit is insufficient either under art. 243 of the Code of Practice, or under the 5th sect. of the act of 20th March, 1839, amending it. The letter of the law should not be disregarded under pretence of pursuing its spirit. Civ. Code, art. 13.

The judgment of the court was pronounced by

SLIDELL, J. This suit was brought by attachment, and the defendant moved to set aside the attachment on the ground of the insufficiency of the affidavit. The affidavit declares that the defendant is about leaving the State "*permanently.*" It is contended that it should have been, that he was about to leave the State "*forever.*"

Article 240 of the Code of Practice enumerates the cases in which a creditor may proceed by attachment. One of these is, " when such debtor is about leaving permanently the State," &c. In article 243, which prescribes the oath, the expressions are "a declaration made under oath at the foot of said petition, stating the amount of the sum due to him, and that his debtor is either on the eve of leaving the State *forever,*" &c. These are provisions on the same subject matter, and must be construed together. In a practical view, the danger to the creditor is as great when his debtor is about leaving the State *permanently,* as when he is about leaving it with the positive intention and certainty that he will never return. We consider it a fair interpretation, construing the two articles together, to treat the expressions as equivalent, and to deem the law as complied with by using either in the affidavit. A contrary interpretation would lead to the absurd conclusion, that the law authorizes an attachment when the debtor is about to leave the State permanently, but will not accord the benefit of that remedy unless the creditor swear to the existence of a state of facts, beyond that in view of which the remedy was expressly and unequivocally given. The court below, therefore, erred in dissolving the attachment.

It is therefore decreed that the judgment of the court below be reversed; and it is further decreed that the motion to dissolve the attachment be dismissed, and the case remanded for further proceedings according to law ; the appellee paying the costs of said motion, and also of this appeal.