# Richmond.

YOUNG AND OTHERS v. CAMP MANUFACTURING CO.

AND

WRIGHT AND OTHERS v. CAMP MANUFACTURING CO.

January 13, 1910.

Absent, Buchanan, J.

1. LOGS AND LOGGING—*Standing Trees—Conveyance—Time of Removal —Reasonable Time—Case in Judgment.*—The owner of land conveyed to a manufacturing company all the pine timber standing upon the land that would measure twelve inches in diameter across the stump at the time of cutting, with the right, for a period of five years from the date of the deed, to cut and remove the same, and, if not cut and removed within said time, the further right to extend the time for cutting and removing for such further time as the grantee might desire, upon payment of interest at six *per cent. per annum* upon the price agreed to be paid for trees.

*Held:* 1. It was not the intention of the parties to give an absolute and unconditional title to the timber, but only such as was cut and removed within the time limited by the deed, and such extensions thereof as the grantee was entitled to demand upon a fair construction of the deed, or as might be agreed upon by the parties.

2. The grantee has not a wholly indefinite period in which to cut and remove the timber which it has purchased, but must cut and remove it within a reasonable time after the expiration of the fixed period.

3. The question of what is reasonable time is one of fact dependent on the circumstances of each case. The rights of the grantor are not to be measured by the convenience or inconvenience, the ability or inability of the grantee, caused by and resulting from the magnitude and extent of its business, and its numerous other contracts to which the grantor is a stranger. In the case at bar, one year from the certification of the decree of this court to the circuit court is a reasonable time.

Appeals from decrees of the Circuit Court of Brunswick county. Decree for the complainant. Defendants appeal.

*Reversed in part.*

The opinion states the case.

*Braxton, Williams & Eggleston* and *R. T. Thorp,* for the appellants.

*J. C. Parker, E. R. Turnbull, Jr., E. P. Buford, R. B. Davis,* and *Hill Carter,* for the appellee.

KEITH, P., delivered the opinion of the court.

These two cases were heard together, and the decision of them depends upon the construction of language in deeds common to them both, and in all material respects identical in terms.

The Camp Manufacturing Company, a corporation under the laws of Virginia, filed its bill in which it shows that Young and others, by their joint deed, in consideration of the sum of $250, which was paid, conveyed to it all the pine timber twelve inches in diameter across the stump at the time of cutting, on a tract of land in the county of Brunswick; that by said conveyance complainant was granted the right, for a period of five years from the 24th day of January, 1895, the date of said deed, in which to cut and remove the said timber, and the further right that if it should fail to remove the said timber within five years it should have such further time in which to remove it as it might desire; provided, however, that it pay interest to the grantors or their assigns, at the rate of six *per cent. per annum* on the purchase price named in the deed, which was $250, from the expiration of the said five years until the timber was removed. The bill further shows that the Camp Manufacturing Company, at the end of the first period of five years, to-wit, on the 24th day of January, 1900, finding that it would need further time in which to cut and

remove the timber, and to exercise the rights and privileges granted in the deed, paid to the grantors the sum of $15.00, being the interest on the purchase money for one year, in settlement of the amount due the grantors for the continuation of the privileges granted in said deed from the 24th of January, 1900, to the 24th day of January, 1901, and subsequently thereto each year has tendered to the grantors a like sum of $15.00 per year, which sums have been accepted by the grantors for a period of four years, down to the 24th of January, 1904; but that they have declined to accept said payment covering any period since the 24th of January, 1904, though the complainant has regularly each year tendered to the grantors the amount due them under the terms of the deed. The complainant alleges that it is now the owner of the timber, rights and privileges which were conveyed by Young and others to it, and that neither it nor its assigns had done anything to forfeit its rights to the said timber, rights and privileges; that its title to the same is complete; and that it has done all and everything that was necessary, or provided in the said deed, for the preservation of its title to the said timber.

The bill then goes on to recite that certain persons are cutting the timber which had been conveyed to it; that the men thus engaged were in the employment of one J. E. Mays, who claims the timber by virtue of a deed from its grantors, Young and others, and in reply to the remonstrance of complainant it was informed that they proposed to continue cutting and removing the timber; that the cutting and removing of the timber is an irreparable injury to the complainant, for reasons stated at large in the bill; that the remedy at law would not only involve a multiplicity of suits and great delay, but would be unavailing because those committing the trespass are insolvent; and an injunction, therefore, is asked for to prevent the cutting of the timber upon the tract of land described, and that an account be taken of the timber already cut and

removed from the land in violation of the rights of complainant.

The defendants answered this bill, denying all its material averments; and proof being taken, the court was of opinion, as appears from the fourth paragraph of its decree, that the deed from Young and others to the Camp Manufacturing Company passed to and vested in the Camp Manufacturing Company "the present absolute title to all the pine timber that was on the tract of land described therein at the date of said deed which was then twelve inches in diameter or larger, or which would grow to said size within the time limited by this decree for removing the same, which title is defeasible as to such of said timber as shall not be removed from the said land within the time prescribed by the terms of said deed as construed by the fifth paragraph of this decree, and as to such of said timber as does not grow to the size of twelve inches in diameter across the tree stump, and larger, at the time said trees are reached in the process of cutting."

And in the fifth paragraph it is held that "the title to said timber has never reverted to the grantors, and that the Camp Manufacturing Company is now entitled to a reasonable time within which to cut and remove the same from said land, which reasonable time the court, upon the evidence in this cause, adjudges to be ten years from this date, provided the Camp Manufacturing Company shall pay to the grantors interest on the purchase money for each year that the Camp Manufacturing Company allows said timber to remain on said land, after the expiration of the first period of years granted in said deed."

To that decree an appeal was allowed.

The first proposition contended for by appellants is that "Whenever, in an instrument conveying standing timber, there is a clause, either prescribing or granting a certain time in which the vendee should or might cut or remove timber, the grantee has no title whatever to any timber not cut or removed at the expiration of said period."

In support of this proposition the case of *Adkins* v. *Huff,* from the Supreme Court of West Virginia, is cited, 58 W. Va. 645, 52 S. E. 773, 3 L. R. A. (N. S.) 649.    In that case the court says: "The authorities are practically uniform in holding that an instrument granting standing timber, and containing a clause requiring or permitting it to be removed within a specified time from the date of the grant, gives no absolute and unconditional title to the property.    Some courts hold the right of the grantee to be a license, others a lease, and others a defeasible title to the timber.    By the great weight of authority it is determined that no right or title exists in the grantee after the expiration of the time specified in the deed or contract."

In *Clark* v. *Guest,* 54 Ohio St. 298, 43 N. E. 862, the court said in the case of sale of standing timber, or of an exception of the timber on a conveyance of the land, the timber must be cut and removed within the time limited in the written instrument and all that is not so cut and removed adheres in the land, freed from the sale or exception; as the legal effect of such contract of sale or exception of timber is a right to only so much timber as shall be cut and taken off within the limited time.

In *McRae* v. *Stillwell,* 111 Ga. 65, 36 S. E. 604, reported and annotated in 55 L. R. A. at p. 513, an instrument in the form of a deed, purported to convey to the grantee at a specified price per acre "all the pine timber suitable for sawmill purposes" on described lots of land.    It acknowledged receipt of a specified sum, and recited that the grantor agreed "that the amounts left unpaid this day shall be paid as follows: When each lot is entered to cut said timber, the balance due on each lot is $100, which will be due as above stated."    The instrument also purported to convey to the grantees, their heirs and assigns, "the full right of way for railroads, tram-roads and wagon roads in and through the said lands for the purposes above stated, said right of way to continue as long as said mill operations may require."    It was held, that the true intent and meaning of this instrument was to convey to the grantees, their

heirs and assigns, all the timber suitable at the date of the instrument for the purposes indicated, but that it was incumbent on the grantees or their successors in title to cut and remove such timber from the lots within a reasonab'? time from the date of the conveyance, and that on failure so to do their interest in the timber ceased and determined; and that what would be a reasonable time for so doing was a question of fact to be passed upon and decided in the light of all the facts and circumstances surrounding the transaction.

In the exhaustive note to this case it is said, *inter alia,* that, "According to the weight of authority the title to standing timber passes immediately on the execution of the instrument of conveyance, although there are a few cases to the effect that the title does not pass until the timber is cut. Thus a provision in a deed of standing timber, that the purchaser, his heirs and assigns, shall have license for ten years to enter on the land to cut and remove the timber, and that all such timber not so cut and removed during such term shall belong to the vendor, does not prevent the title to the timber from vesting in the purchaser. And where by a lease of land the lessee, in consideration of the use and possession of the premises, agrees to pay the taxes and cut off all the timber and brush on a specified part of the premises, the lessor agreeing to let him have all the timber for cutting it off, which is to be done in a speci· fied time, the right of the lessee to the timber is vested, and is not extinguished by a sale of the land during the term of the lease to one with notice of it; and where the purchaser prevents his removal of the timber within the time specified by causing his employees to leave by threats of prosecution, and by dissuading others from entering his service, he is liable for the damages resulting therefrom." Citing *Crane* v. *Patton,* 57 Ark. 340, 21 S. W. 466.

See also *Webber* v. *Proctor,* 89 Me. 404, 36 Atl. 631; 28 Am. & Eng. Ency. L. (2d ed.) 541; 25 Cyc. 1551.

There seems to be a little diversity among the cases, most

of them holding to the effect that the purchaser has no title to any timber which is not cut at the expiration of the time specified therefor, although a very few hold that the title to the timber in such case is still in the purchaser, but that the right to enter for the purpose of cutting and removing it is lost thereby. Thus it is said, in *Howard* v. *Lincoln,* 13 Me. 122, that where one sells trees of a specified size, the purchaser to have three years to haul the same, the title to all the trees uncut at the end of that time is in the vendor. And in *Prentiss* v. *Ross,* 96 Mich. 83, 55 N. W. 613, it is said that where a contract for the sale of standing timber provides that it is to be taken from the land within one year and no longer, the purchaser loses all interest in such timber as is standing at the expiration of the year.

The cases cited in the opinion filed by the learned judge of the circuit court are, indeed, quite sufficient to maintain this proposition.

Among them is *Salstonstall* v. *Little,* 90 Pa. St. 422, 35 Am. Rep. 683, where it was held that a deed for land reserving to "the parties of the first part hereto, their heirs and assigns, all the pine timber on the aforesaid six warrants or tracts, together with the right and privilege to cut, remove, take and carry away the same, or any part thereof, at any and all times, also the right of ingress and egress at any and all times, for the space or term of twelve years from the date first above written for the purpose so as aforesaid, was a reservation of the timber for twelve years, and no longer, and after that time the trees remaining passed with the grant of the soil to which they were attached."

In *McIntyre* v. *Barnyard,* 1 Sandf. Ch. (N. Y.) 52, a deed granted, bargained and sold all the pine timber standing or being on certain land, together with the right of entering upon the land until January 1, 1841, to cut and remove the said timber. It was held that this latter clause was designed to limit the whole grant; and that the object of the grant was the sale

of all the pine logs which should be taken off by January 1, 1841, and nothing beyond that date. "It is only by this construction," said the court, "that we can give full scope to the whole intention expressed by the instrument; and at the same time we relieve it from the irrational consequences to which the defendant's construction inevitably leads."

Looking to the whole deed, and all of its provisions must be considered in order to arrive at its proper construction, we are of opinion that it was not the intention of the parties to give an absolute and unconditional title to the timber, but only such as was cut and removed within the time limited by the deed, and such extensions thereof as the grantee was entitled to demand upon a fair construction of the deed, or as might be agreed upon between the parties.

The deed in question was made on the 24th day of January, 1895. The first period expired on the 24th of January, 1900. That period was extended from year to year down to the 24th of January, 1904, or a period of nine years from the date of the deed, and then the disagreement between the parties as to their rights in the timber under the deed arose; the contention upon the part of the Camp Manufacturing Company being that the deed under which it held gave it an absolute right in the trees, to be cut and removed "as they may desire"; that for an indefinite period, so long as it paid to its grantors the sum of $15.00 a year, which was six *per cent.* interest upon the purchase price, it was entitled to enter upon the land, with all the incidental rights and privileges mentioned in its deed, for the purpose of cutting and removing the pine timber which at the time of cutting had reached the dimensions prescribed in the deed, viz., twelve inches in diameter across the tree stump.

The incidental rights which passed to the Camp Manufacturing Company in the land of the grantors, as the right to erect buildings, to use and operate railroads, tramways or bogy roads over and across the land of the grantors, to use

material from the said land along said roads, tramways, etc., as may be necessary and convenient to build and maintain the same, and the right to remove them within five years after ceasing to operate, use and occupy them, impose such burdens upon the land of the grantors as greatly to diminish, if not, indeed, to destroy, its value.

Taking the whole contract together, we cannot think that the grantors ever intended to confer any such right upon the grantee; and that it would be unreasonable to hold that it was intended to confer upon the Camp Manufacturing Company a right to cut and remove within a wholly indefinite period the timber which it had purchased.   It is true that the contract says that "if it shall fail to remove said timber in said time (the specified period of five years) it may have such further time to remove the same as it may desire."   But that language, if literally construed, might be extended to one, or a hundred, or a thousand years—that is to say, it is wholly indefinite and fixes no time within which the contract is to be executed, and it is, therefore, to be executed within a reasonable time.   *Duke* v. *N. & W. Ry. Co.,* 106 Va. 152, 55 S. E. 548.

In 25 Cyc. 1553, it is said: "Except where the deed clearly manifests an intention on the part of the grantor to convey to the grantee a perpetual right to enter upon the land and cut trees, the purchaser will be allowed only a reasonable time to remove the timber, where the conveyance contains no provision as to the time for exercising the right of removal. . . .   The question of what is a reasonable time is one of fact dependent on the circumstances of each case; there are no fixed rules for its ascertainment."

To the same effect is 28 Am. & Eng. Ency. L. (2d ed.) 542; *Heflin* v. *Bingham,* 56 Ala. 566, 28 Am. Rep. 776; *Boults* v. *Mitchell,* 15 Pa. 371, which say that, where one purchases all the timber on certain land suitable for rafting and sawing, he may be compelled to take off the timber in a reasonable time to be determined by the jury, as otherwise the grantee might claim

to enter upon the land for an indefinite period of time, and by refusing to remove the timber entirely defeat the culture and improvement of the soil. *Andrews* v. *Wade,* (Pa.) 6 Atl. 48.

In *McRae* v. *Stillwell, supra,* the court says among other things, that "while it is possible . . . . for parties to make a contract whereby one would be entitled to a perpetual right to enter upon the land of another and remove timber therefrom, as such an agreement is so unreasonable in its nature, no contract will be presumed to have this effect unless it is plainly manifest from the terms of the same that such was the intention of the parties."

In *Hill* v. *Hill,* 113 Mass. 103, 18 Am. Rep. 455, the court says: "It is not reasonable to presume that it was the intention of the parties to subject the land to a permanent easement. The right claimed by the plaintiff would deprive the defendant of the full use and enjoyment of his land for an indefinite time, which might extend through his life, and would give the plaintiff for that time the principal, if not the sole, beneficial use of it. . . The claim of the plaintiff that he had the right to have the trees remain, drawing nourishment from the soil, as long as he chose, is, we think, contrary to the intention of the parties."

Thus far we have in the main followed along the line pursued by the learned judge of the circuit court, and we fully concur in the conclusion stated in the fourth and fifth paragraphs of the decree above set forth. There are decisions to the contrary, but we think the great weight of authority sustains our conclusion.

Without undertaking to review the cases relied upon by appellee, we shall refer to *Keystone Lumber & Mining Co.* v. *Brooks,* from the Supreme Court of Appeals of West Virginia, reported in 65 W. Va. at p. 512, 64 S. E. at p. 614. It is a recent case from the same court which decided *Adkins* v. *Huff, supra,* and is strongly relied upon by counsel for appellee.

The Keystone Lumber Company conveyed to George W. Bar-

ricklow certain timber as follows: "Does grant unto the party of the second part all kinds of timber standing or being on all that certain tract of land lying and being in the county of Webster in the State of West Virginia on the waters of Laurel creek and Birch river, and bounded and described as follows: . . . Together with the right to second party to enter upon and use the land so far as is necessary or required in manufacturing and removing said timber, free of any rental or charge whatsoever for a period of six years . . . with the right to construct roads and tramways and place mills thereon and to remove the same at any time during, at or after the periods of time above mentioned." In the course of its opinion the court says: "In case of a conveyance of timber, with a time limit requiring its removal from the land in a given time, the weight of authority is that the conveyance is conditional, the purchaser taking only what timber shall be removed within that time, and the balance reverting to the owner of the land, or rather remaining his. . . . We cannot concur in such a construction of the deed. Look at it. There is at the outset the separate, distinct, vital clause found in deeds of grant, prescribed in our Code as a form 'to convey the grantor's whole interest' in the thing granted, having the operative words 'does grant.' That vests full legal title in the grantee to the timber. Where do we find in this granting clause any words to tell us that only so much of the timber as may be removed within six years is granted? To the reverse, the grant is of 'all kinds of timber,' without limitation of time for removal. This important section of the deed contains no limit of time, no forfeiture clause for non-removal. If timber is conveyed, and no limit of time as to removal, the title vests absolutely in the grantee, and it is not lost or forfeited by reason of the fact that it is not removed in a reasonable time." Quoting from *Holt* v. *Stratton Mills,* 54 N. H. 109, 20 Am. Rep. 119, the opinion continues: " 'In such a sale there is no foundation for an exception to the general rules of land, or to

make that a conditional conveyance of trees which would be an absolute conveyance of other property.' . . . Conditions are not to be raised by inference or argument. Conditions subsequent are not favored in law, because they tend to destroy estates, and a vigorous exaction of them is a species of *summum jus,* and in many cases not reconcilable with conscience. . . . Though, where there is no such time limit or condition, there is no forfeiture of title to timber, yet I apprehend that the right to keep the timber standing does not endure forever, and thus encumber the land and prevent its cultivation, but must be removed in a reasonable time. . . . It is claimed that the clause beginning 'together with,' fixes a time limit of six years for removal of the timber. It gives right to enter upon the land and use it for removing and manufacturing the tim-. ber, 'free of any rental or charge for six years.' That period in its connection in the sentence only applies to fix the term or limit of freedom from rental. In its place in the deed it has no reference to time fixed for removal of timber. It is immediate in place after, or is a very part of, the clause giving right to use the land for removing and manufacturing timber. Why take it from that clause and carry the six years' provision back over that clause and connect it with the granting clause, and qualify the latter clause by saying that the grant must be used within six years? In place and in sense it belongs to the clause giving the right to occcupy the land. It has a function to perform in that clause. It is needed there. It serves only to limit the period during which no charge was to be made for the use of the land. It is no covenant by Barricklow. There is no express covenant by Barricklow to remove the timber at any time. The most we could say as to this is that the deed contemplates a removal, and that thus a covenant to remove is implied. Likely so. But it is only a covenant, not a time limit, not a condition operating as a forfeiture. It would only demand removal in a reasonable time. Delay unreasonable might be the subject of action for breach, or the cause of some legal procedure."

We find nothing in this case opposed to the conclusion we have reached. On the contrary, it reaffirms the general doctrine announced in *Adkins* v. *Huff, supra,* in cases where a time limit for the removal of timber appears in a conveyance, to the effect that such covenant is conditional, and the purchaser takes only what timber shall be removed in the time limit, the balance reverting to the owner of the land, or rather remaining his. It holds that in the particular case before it there was no time limit; that it was not a conveyance with a condition operating as a forfeiture; but that inasmuch as the deed contemplated a removal, a covenant to do so was implied, carrying with it a duty of removal within a reasonable time, which if unreasonably deferred might be the subject of action for the breach, or cause for some other legal procedure.

The time fixed, however, by the decree within which the Camp Manufacturing Company might exercise its rights under its contracts does not meet our approval. The opinion of the circuit court (14 Va. L. Reg. 89) does not clearly disclose the considerations which controlled the court in fixing ten years as a reasonable time.

The Camp Manufacturing Company does an enormous business. It owns nearly a thousand millions of feet of lumber, standing upon many thousands of acres of land, upon which it has constructed several plants for converting the trees into lumber, and many tramways and railroads for the transportation of logs and the products of its mills. In determining what is a reasonable time between the parties to this controversy we cannot think that the rights of the appellants should be controlled by the magnitude of the business in which the Camp Manufacturing Company is engaged. In determining what is a reasonable time within which the trees upon the lands of Young and Wright should be removed we should consider the circumstances and conditions affecting the parties to the contract, and the rights of appellants are not to be measured by the convenience or inconvenience, the ability or the inability,

of the Camp Manufacturing Company, caused by and result-ing from the magnitude and extent of its business and its numerous other contracts to which these appellants are strang-ers.   *Young* v. *Ellis,* 91 Va. 297, 21 S. E. 480.

The Camp Manufacturing Company has, in Young's case, already had fourteen years within which to remove the timber for which it originally paid $250; in Wright's case the con-tract was made two years later, and the consideration was $150. We mention the consideration merely as indicating that the amount of timber conveyed could not have been very great.

Upon the whole case we are of opinion that one year from the certification of the decree of this court to the circuit court is a reasonable time, and in this respect the decree of the circuit court is reversed, with costs to the appellants.

*Reversed in part.*