## Wytheville.

### CARPENTER V. CAMP MANUFACTURING COMPANY.

June 8, 1911.

1. LOGS AND LOGGING—*Sale of Standing Trees—Time for Removal.*— Upon a contract for the purchase of standing trees to be cut and removed within five years, and if not cut and removed within that time the purchaser to have such additional time as he may desire, upon payment of interest on the agreed purchase price, the purchaser has not an indefinite time within which to cut and remove the trees, but must do so within a reasonable time after the expiration of the fixed period. What is such reasonable time is dependent upon the facts and circumstances of the particular case. In the case in judgment one year from the certification of the decree of this court to the circuit court is a reasonable time. The same rule applies to the incidental right given by the contract to cut timber for construction of roads, buildings, etc., except that an additional year is given under the contract for the removal of buildings, tram-roads, etc., by the purchaser.

2. DEEDS—*Covenants—Construction.*—In construing covenants in a deed, effect must be given, if possible, to all of its terms and to every word thereof, and, in case of doubt, the language is to be construed most strongly against the grantor.

3. LOGS AND LOGGING—*Sale of Standing Trees—Right to Build Railroads—Duration of Use—Case in Judgment.*—Under the contract in the case in judgment for the sale of standing trees, granting to the purchaser the right "to build, use and operate railroads, tramways or bogy roads across the lands of the parties of the first part, for the purpose of removing said timber, or anything else which they now or may hereafter wish to carry over said railroads," the right of transit over the road built across the lands in question is not limited to the removal of the timber sold, but extends also to the transportation of "anything else which they now or may hereafter wish to carry over said railroads," and as to the latter is to be continued for an indefinite period, subject, however, at all times to the control of the court, which should see that it is not improperly interfered with on the one hand, and not exercised oppressively or inequitably on the other, and, when the proper time arrives, should make such final adjudication upon the subject as to equity may seem meet.

Appeal from a decree of the Circuit Court of Brunswick county.   Decree for the defendants.   Complainant appeals.

*Reversed in part.*

The opinion states the case.

*Marvin Smithey* and *R. B. Davis,* for the appellant.

*E. R. Turnbull, Jr.,* and *E. P. Buford,* for the appellees.

KEITH, P., delivered the opinion of the court.

The Camp Manufacturing Company is the successor in title to the Brunswick Lumber Company, which purchased from John W. Harrison and wife all of the timber, pine and poplar, ten inches in diameter across the stump and larger at the time of cutting, upon a certain tract of land, together with the privilege of erecting buildings, operating railroads, tramways and bogy roads across the land, as set out in the deeds.

Each of the two deeds conveying the timber above referred to contains this provision: "The said party of the second part, its assigns or successors, shall have five years from the date of this deed in which to remove the timber herein conveyed from the said land, and if they shall fail to remove said timber in the said time, they may have such further time in which to remove the same as they may desire; provided, however, that they pay interest to the said parties of the first part, or their assigns, at the rate of six *per cent. per annum* on the amount of the purchase price above mentioned, from the expiration of the said five years, until they remove the said timber."

These deeds were duly recorded in the clerk's office of Brunswick county.  By a subsequent deed John W. Harrison conveyed this land to George C. Dromgoole, in which

he reserved certain rights, as follows: " . . . but there is reserved to the parties of the first part all the timber on said land heretofore conveyed to the Brunswick Lumber Company, and all rights under the contracts of sale to said Lumber Company whether of reversion of said timber or payments to be made by said company for any cause and all other rights whatever."

The rights of the Brunswick Lumber Company under its deeds have passed to and are now vested in the Camp Manufacturing Company, and those of the grantor, John W. Harrison, have passed to and are now vested in the appellant, W. R. Carpenter, subject to the above reservation. John W. Harrison is since deceased, and Daisy R. Harrison is his devisee and personal representative.

Carpenter, the appellant, filed his bill making the Camp Manufacturing Company, the Safe Deposit and Trust Company of Baltimore, trustee in a deed of trust executed by the Camp Manufacturing Company, and Daisy R. Harrison, in her own right and as personal representative of John W. Harrison, deceased, parties defendant. His contention is that all the rights of the Camp Manufacturing Company and of Daisy R. Harrison, under the deeds herein referred to, have ceased, and he prays the court so to declare, as, being claimed under deeds of record, they constitute a cloud upon appellant's title, and he prays also for an injunction against the Camp Manufacturing Company, its agents, attorneys and employees, to prohibit it from constructing or attempting to construct any spur tracks or branch lines of railway leading from or connecting with the line of railway first constructed by said company across the Harrison plantation, and to enjoin and restrain the said company, its agents, etc., from hauling, transporting or carrying lumber or any substance whatsoever over the said Harrison farm, except on and by means of the lumber railway first constructed and located by the said company

across the said farm, except for the purpose of cutting and removing the timber now standing on the John W. Harrison plantation.

The case was regularly brought on to be heard upon the bill and exhibits, the demurrer and answer of the defendant, the Camp Manufacturing Company and exhibits filed therewith, and upon the depositions of witnesses; in consideration of which the court decreed that the deeds from Harrison and wife to the Brunswick Lumber Company vested in the Brunswick Lumber Company a present absolute title to all of the timber mentioned and described in said deeds that was on the tract of land in the bill and proceedings mentioned, at the date of said deeds, which was then ten inches in diameter across the tree stump and larger, or which would grow to said size at the time the said timber shall be reached in the process of cutting, which title is defeasible as to such of said timber as shall not be removed from the said land within the time limited by said deeds, to-wit: five years from the said 18th day of May, 1899, and five years from the said 27th day of May, 1899, respectively, and within such further time after the expiration of said period of five years as said Brunswick Lumber Company, its assigns or successors, and the said John W. Harrison and wife, the parties to the contracts embodied in said deeds, may agree upon, or, in the event of their failure or inability to agree, within such further time as the said Brunswick Lumber Company, its assigns or successors, upon the payment or tender of the interest provided for in said deeds, shall be entitled to demand upon a fair construction of the said deeds.

"That the said defendant, Camp Manufacturing Company, as the assignee of the said Brunswick Lumber Company, is, by virtue of the deed executed to the said Camp Manufacturing Company by the said Brunswick Lumber Company on the 1st day of November, 1902, in the bill and

proceedings mentioned, entitled to and' is vested with all of the rights and titles in and to the said timber and is entitled to exercise all of the rights and privileges so granted to and vested in the said Brunswick Lumber Company by the deeds aforesaid, as set forth in the first paragraph of this decree.

"That by virtue of the deeds so executed by the said John W. Harrison and wife to the said Brunswick Lumber Company, and the deed so executed by the said Brunswick Lumber Company to the said Camp Manufacturing Company, the said Camp Manufacturing Company is entitled to and has the right to erect such buildings on said land as it may see fit, and to build, use and operate railroads, tramways or bogy roads across the said land for the purpose of removing said timber, or anything else which it may now or hereafter wish to carry over said railroads and tramways in the conduct of its business, and the right to use such material from said lands along said railroads and tramways as may be necessary or convenient to build and maintain the same; which said rights mentioned in this, the third clause of this decree, may be exercised by the said Camp Manufacturing Company during such time as it shall be entitled to remove the said timber under the first and second clauses of this decree, and to remove said buildings, railroads and tramways from said land within one year after ceasing to operate, use or occupy the same."

With respect to the timber conveyed in the deeds to the Brunswick Lumber Company and the right to cut and remove it, and to extend the time for its removal if not removed within the stipulated period, and all rights incident to the cutting and removing of the timber upon the 892-acre tract of land, such as the right to erect buildings and the right to build, use and operate railroads, tramways and bogy roads, as the covenants and reservations with respect to these matters in this case are identical with

those passed upon in the cases of *Wright* v. *Camp Manufacturing Company* and *Young* v. *Camp Manufacturing Company,* reported in 110 Va. at page 678, 66 S. E. at page 843, we shall content ourselves with the reasoning and conclusions contained in the opinions then rendered. It was there stated that the question of what is a reasonable time is one of fact, depending upon the circumstances of each case; and we are of opinion that one year from the time the decree in this case is certified to the Circuit Court of Brunswick will be a reasonable time within which the Camp Manufacturing Company shall exercise its rights of removing the timber and the incidental right of cutting timber for the construction of roads, erection of houses, etc., and that it should have leave, within two years, to remove said buildings, railroads and tramways from said land.

We think the same principles apply to the rights reserved to John W. Harrison and wife under their deed to Dromgoole, and should be exercised and enjoyed by the successor in title of John W. Harrison, his devisee and personal representative, within the same period prescribed to the Camp Manufacturing Company.

What we have said is not intended to apply to the right of the Camp Manufacturing Company to the use and enjoyment of the railroad across the 892½ acre tract. In construing the covenant between John W. Harrison and the Brunswick Lumber Company, effect must be given, if possible, to all of its terms and to its every word. The covenant provides that the Brunswick Lumber Company, its assigns and successors, shall have the right to erect such buildings on the land as they see fit, "and to build, use and operate railroads, tramways or bogy roads across the lands of the said parties of the first part, for the purpose of removing said timber or anything else which they now or may hereafter wish to carry over said railroads," etc. The

39

manifest intent of the grantor (and the language is to be construed most strongly against him) was to clothe the Brunswick Lumber Company with the right, not only to build railroads, tramways and bogy roads for the purpose of removing the timber acquired by that deed, but for the transportation of "anything else which they now or may hereafter wish to carry over said railroads" across the lands of the grantor. Now with respect to every right contained in that covenant we have dealt in the foregoing part of this opinion, and have held that they must cease within one year from the time the decree is certified, with an additional year for the exercise of the right of removal of such buildings, railroads and tramways as the Camp Manufacturing Company may desire to remove; but with respect to the right of transit over the road built across the lands in question, we are of opinion that the limitation imposed upon the exercise of other rights would not be just, under the circumstances of this case, to the Camp Manufacturing Company, and with respect to it we are of opinion that it should be continued for an indefinite period, but that the court should reserve such control as will prevent the right from being exercised oppressively or inequitably, and, to that end, that leave should be reserved at the foot of the decree for either party to apply for and obtain such relief as may in the future appear to be proper, so that the court may be able to see that the Camp Manufacturing Company shall not arbitrarily and oppressively exercise its rights, and that Carpenter shall not interfere with the just exercise of those rights; and, when the proper time arrives, that the court may make such final adjudication upon the subject as to equity may seem meet.

The decree will therefore be reversed, and the cause remanded to the circuit court for further proceedings to be had therein not inconsistent with the foregoing opinion.

*Reversed in part.*