## Wytheville.

BROWN AND OTHERS v. SURRY LUMBER COMPANY.

June 13, 1912.

1. LOGS AND LOGGING—*Standing Trees—When Cutting to Commence—Case in Judgment.*—The owner of timbered land sold to a lumber company all the standing trees thereon of given dimensions at the time of cutting, and, in the deed of conveyance, covenanted that the purchasers should have "five years in which to cut and remove said timber from the time they commence to manufacture said timber into wood or lumber, but they shall not be limited as to the time in which they shall commence to cut or remove the same." It was further mutually agreed that no timber should be cut until the agreed purchase price had been fully paid. There is nothing in the evidence to aid in the construction of the deed. The purchaser did not begin to cut and remove the timber until nearly fourteen years after the purchase. Suit was brought the next year, alleging that the purchasers had forfeited their rights under the deed of conveyance.

*Held:* 1. That the deed does not clearly manifest an intention on the part of the grantors to convey to the grantee a perpetual right to enter upon the land and cut the trees, but the right to cut and remove the trees must be exercised within a reasonable time, and that, there having been no previous demand to commence at an earlier date, one year from the time the grantors notify the grantee that they do not propose to appeal from a decree fixing the rights of the parties, or from a final decree by the court of appeals fixing such rights, is such reasonable time.

2. Contracts made between parties, which contravene no rule of law, must be enforced by the courts, for, as to those who make them, they constitute the law by which they are bound.

Appeal from a decree of the Circuit Court of Sussex county. Decree for the defendant. Complainants appeal.

*Affirmed.*

The opinion states the case.

*George Mason* and *Charles E. Plummer*, for the appellants.

*William B. McIlwaine, William B. Cocke,* and *Richard B. Davis & Son,* for the appellee.

KEITH, P., delivered the opinion of the court.

R. A. Brown and his sister, Mrs. Parker, filed their bill in the Circuit Court of Sussex county, from which it appears that they were seized in fee simple of two tracts of land in the county of Sussex, containing 264½ acres; that by deed dated the 21st of March, 1896, filed as an exhibit with the bill, they sold to the Surry Lumber Company, a corporation under the laws of the State of Virginia, all the timber on the said tracts, measuring over twelve inches in diameter at the stump at the time of cutting the same, together with a right of way across the land for the purpose of removing the timber cut from the same, and that cut from any other tract of land by said company, and for the purpose of operating a railway, in consideration of $250 paid in cash and $300 to be paid on April 1, 1897. In said deed it was "covenanted and agreed by and between the parties hereto that the said Surry Lumber Company shall have five years in which to cut and remove said timber from the time they commence to manufacture said timber into wood or lumber, but that they shall not be limited as to the time in which they shall commence to cut or remove the same. And it is also further covenanted and agreed by and between the parties hereto that the said Surry Lumber Company shall not commence to cut or remove any of the timber conveyed by this instrument of writing until the purchase price in full for the same shall have been paid."

The deferred payments seem to have been promptly met. The bill charges that at the time the deed was entered into it was contemplated by the parties, and so stated on the part of the Surry Lumber Company, that the timber should be cut without unnecessary delay, and that five years would be ample time for cutting and manufacturing all of it; and the plaintiffs in the court below contend that the proper construction of the deed is, and the intent of all the parties thereto was, that the said company was bound to commence the cutting of timber within a reasonable time after the last payment of the purchase money became due

and was paid, and to complete the cutting and removal thereof within five years after so commencing, and that it had, and would have, no right or title to any of the timber not so cut and removed within that period; and that Brown, one of the plaintiffs, several times so notified the company, through its agent.

The answer denies that there was, at the time of the execution of the deed, any purpose or intent, expressed or implied, not contained within the deed itself, and further denies that it ever received notice from the plaintiffs of their construction of the contract, as stated in the bill. The answer admits that the defendant did not begin to cut and remove the timber until the latter part of December, 1909.

There is nothing in the proof which affords any aid in the proper construction of the deed in question, nor does the proof sustain the averment in the bill that the company was notified that it was bound to commence to cut the timber conveyed to it within a reasonable time after the last payment of the purchase money became due and was paid. The only evidence upon that subject is contained in the depositions of Edward Rogers and the plaintiff, Robert A. Brown.

Rogers was asked this question: "Do you remember that some six or seven years ago Mr. Robert A. Brown, one of the grantors, who was then deputy treasurer of Sussex county, called on you at Dendron, perhaps with regard to taxes, and took dinner with you, and after dinner, down about the company's office, mentioned this deed to you at this time, and he told you he thought the company had had time enough to take the timber off, and that he wanted it done? A. No, sir; I have no recollection of such a conversation, and am sure that Mr. Brown never made any demand on us in that way to cut and remove the timber. If he mentioned the subject, it made no impression on me, and I do not remember it."

Speaking on the subject, Brown, in answer to substantially the same question, said: "I think it was about seven years ago. I was deputy treasurer for Mr. Jarratt. I went down there at Dendron one day, in regard to taxes. Mr. Rogers was always very nice to me in that respect, and we were walking out there by the office, and I said to him: 'Mr. Rogers, I think that it is

getting time you were cutting my timber, if you want it. I do not consider that you have any more than an option on it.' And I said: 'I think it is getting time you were buying it or cutting it.' Q. State whether or not you told him that you wanted him to cut that timber without further delay? A. I told him I thought if they expected to cut it, it was getting time they were cutting it—that I thought it had been standing here long enough."

Mr. Brown answers frankly, and his statement of the transaction may be taken as true; but it falls short of being a demand that the Surry Lumber Company should begin to cut the timber embraced in the deed. The subsequent conduct of Brown shows that his statement to Mr. Rogers was never intended as a formal demand, by which his rights and those of the Surry Lumber Company were to be determined. He waited for nearly seven years after this conversation before bringing suit, without making any further mention of the matter, and we cannot think that this casual conversation presents such a case of a demand that the Surry Lumber Company should proceed to enforce its rights as would justify a court in what would be, in substance and effect, the declaration of a forfeiture.

The circuit court heard all these matters, and was of opinion that the rights of the parties were to be ascertained by a construction of the deed, and decreed that the deed executed by the plaintiffs to the defendant company passed to and vested in the company "the present absolute title to all the timber upon the tracts of land in the bill described and mentioned at the date of the said deed, which was then twelve inches in diameter or larger at the stump, or which should grow to the said size within the time limited and fixed by the said deed for removing the same, which title is defeasible as to such of the said timber as shall not be removed from the said land within the time prescribed in the said deed, as herein construed; that the title to the said timber has never reverted to the plaintiffs; and that the Surry Lumber Company was, at the time this suit was instituted, and is now, entitled to a reasonable time within which to cut and remove the same from the said land, which reasonable time the court, upon the evidence in this cause, adjudges to be one year from the time that the said plaintiffs shall notify the said de-

fendant that they do not propose to take an appeal from this decree. * * *"

The general subject of the construction of deeds such as that in question was carefully examined and considered in *Young* v. *Camp Mfg. Co.* and *Wright* v. *Same,* 110 Va. 678, 66 S. E. 843. By the deed in that case the Camp Company was granted all the pine timber twelve inches in diameter across the stump at the time of cutting on a tract of land in the county of Brunswick, and the right to remove the same, for a period of five years from the date of the deed, and the further right, if it should fail to remove the timber within five years, to have such further time in which to remove it as it might desire; provided, that it pay interest to the grantors at the rate of six *per cent. per annum* on the purchase price named in the deed. The court held, among other things, that a deed to standing timber, with the right to erect buildings and use and operate railroads on the land, and with the right, for a fixed period, to cut and remove the timber, and with the further right, on the grantee failing to remove the same within the fixed period, to such additional time as he may desire, on paying interest on the price annually, does not convey an absolute and unconditional title to the timber, but only conveys title to such as may be cut and removed within the fixed period, and such reasonable extensions thereafter as the grantee is entitled to, or as may be agreed on between the parties, and does not give the grantee a right to cut and remove the timber for an indefinite period; and that, unless the deed clearly manifests an intention of the grantor to convey to the grantee a perpetual right to enter on the land and cut trees, the grantee of standing timber is allowed only a reasonable time to remove the timber, where the conveyance contains no provision as to the time of exercising the right of removal.

Looking to the deed in this case, and all of its terms, we are of opinion that it does not clearly manifest an intention in the grantors to convey to the grantee a perpetual right to enter on the land and cut trees. The grant to the lumber company was for the purpose of enabling it to enter upon the land of Brown, and cut and carry away his trees, and, while its language is very broad, we think that, construed in the light of the purpose and

intent of the parties to the instrument, the right to cut and remove the timber must be exercised within a reasonable time.

The principal difference between the case under consideration and that of *Wright* v. *Camp-Mfg. Co., supra,* is that in the latter case the inquiry as to what was a reasonable time was directed to the determination of the period within which the removal of the timber was to be accomplished after the operation began, while here the question to be determined is, what was a reasonable time within which it was the duty of the lumber company to begin its operations.   The lumber company had no right to begin to cut until payment in full of the purchase price had been made, but this provision is immaterial, as the money was promptly paid. The only other provision of the deed touching the question is that the Surry Lumber Company "shall have five years in which to cut and remove said timber from the time they commence to manufacture said timber into wood or lumber, but that they shall not be limited as to the time in which they shall commence to cut or remove the same."

Contracts made between parties, which contravene no rule of law, must be enforced by the courts, for, if they be such as the parties have a right to make, they constitute for those who enter into them the law by which they are bound.   The grantors in this deed have contracted to "grant, bargain, and sell, with general warranty, unto the said Surry Lumber Company, their successors or assigns, all of the timber on that certain tract or parcel of land * * *" (describing it) containing 264½ acres; it being mutually agreed and understood "that all trees under twelve inches in diameter at the stump at the time of the cutting of the said timber is reserved, and not included in this conveyance."   Language could not be broader than this, and the only limitation upon it is to be found in the fact that, in order to avail itself of its rights, it had to enter upon the land of Brown in order to remove the timber from it, and that right the parties saw fit to limit, as above stated, to five years from the time the process of removal commenced, but without limit as to the time within which the process of removal should begin.

In *Young* v. *Camp Mfg. Co., supra,* the deed contained the statement that if the Camp Company "shall fail to remove said

timber within said time (the specified period of five years), it may have such further time to remove the same as it may desire"; and, commenting upon that language, this court said that, if literally construed, it "might be extended to one, or a hundred, or a thousand years—that is to say, it is wholly indefinite, and fixes no time within which the contract is to be executed—and it is therefore to be executed within a reasonable time."

As said in 25 Cyc. 1553, "Except where the deed clearly manifests an intention on the part of the grantor to convey to the grantee a perpetual right to enter upon the land and cut trees, the purchaser will be allowed only a reasonable time to remove the timber, where the conveyance contains no provision as to the time for exercising the right of removal. * * * The question of what is a reasonable time is one of fact, dependent on the circumstances of each case. There are no fixed rules for its ascertainment."

If the intention of the parties had been to give to the grantee a perpetual right to enter upon the land and cut the timber, the deed should have ended with the granting clause, and no period should have been inserted—which can have no other sensible operation than as a limitation upon the right to cut and remove, which would otherwise have been absolute and unfettered.

This deed was executed on the 21st of March, 1896; the parties, with knowledge of all the facts, remained quiescent until December, 1909, the grantee exercising no rights under the deed, and grantors making no effective protest or complaint until January, 1910, when they filed their bill. Can the court, in the face of the provision of the deed that the lumber company should have five years within which to cut and remove said timber from the time they should commence to manufacture it into wood or lumber, but that they should not be limited as to the time in which they should commence to cut or remove it, decree that the right to cut and remove has been lost by delay, in the very teeth of the contract between the parties, which they had a lawful right to make? We think the circuit court went as far as it properly could go when it held that, taking the whole deed together, and construing it in the light of the obvious purpose for which it was made, the appellee should be allowed one year "from the time that the said

plaintiffs shall notify the said defendant that they do not pro-
pose to take an appeal from this decree; or, in case an appeal
is allowed from this decree to the Supreme Court of Appeals,
one year from the time the final decree shall be entered in the said
cause by the Supreme Court of the State, fixing the rights of the
parties under the deed herein referred to."

For the foregoing reasons we are of opinion that there is no
error in the decree of the circuit court to the prejudice of ap-
pellants, and it is, therefore, affirmed.

*Affirmed.*