## THOMAS v. GATES.

Circuit Court of Appeals, Fourth Circuit.
April 9, 1929.

No. 2791.

J. P. Buchanan, of Marion, Va. (Buchanan & Buchanan, of Marion, Va., on the brief), for appellant.

John Paul and John T. Harris, both of Harrisonburg, Va., for appellee.

Before WADDILL and PARKER, Circuit Judges, and MEEKINS, District Judge.

WADDILL, Circuit Judge. This is an appeal from a decree of the United States District Court for the Western District of Virginia, entered in a suit by appellee against appellant involving timber rights on land located in Smyth county, Va., Henry C. McDowell, District Judge.

The facts are: On March 21, 1903, James Long, then owner of a 9,000-acre tract of land in Smyth county, Va., together with W. P. Bonbright, trustee, who was mortgagee of the property, entered into an agreement in writing with Chas. McCafferty for the sale of the timber on the land. No provision was contained in the contract limiting the time

within which the timber was to be cut and removed from said land. The agreement provided that, when the purchase price of the timber had been fully paid, a deed to the timber would be delivered to McCafferty. McCafferty then assigned all his rights under said contract, and, after several subsequent assignments thereof, the timber rights to about 3,500 acres of the original tract, the subject of this litigation, were, by deed dated June 24, 1920, conveyed by Florence R. Shapley to J. E. Thomas, appellant. The legal title to the land had, in the meantime, become vested in Jay Gates, trustee, complainant, and appellee herein.

On December 22, 1925, Gates, trustee, instituted this suit in equity against Thomas to have declared void as a cloud upon his (Gates') title, the instruments upon which Thomas based his title to the timber (that is, the deed from E. Cooper Shapley and wife to A. Heald & Co., and from Florence R. Shapley to J. E. Thomas); complainant's contention being that, when his predecessor in title sold the timber on the land in 1903, the sale was of the then growing timber, with the right in the purchaser to remove it within a reasonable time. The defendant Thomas insists that the sale made in 1903 to his predecessor in title was a sale in perpetuity of the timber on the entire tract of land, including the timber on the 3,500 acres, the subject of this suit.

Upon full consideration of the case, the trial court decided that the effect of the original instrument conveying the timber was to convey the then growing timber, with a reasonable time allowed to remove the same, and that it did not purport to, and did not grant an indefinite and perpetual right to allow the timber to remain on the land unsevered and unremoved, and the court so decreed. The court further held, however, that, inasmuch as the complainant had not, before bringing suit, informed Thomas of his position in the matter, and given him an opportunity to remove the timber, Thomas should have fifteen months from the date of the decree in which to remove any remaining timber. From this decree, the defendant appealed, assigning error.

The assignments of error are four in number, and are as follows:

"1. Because the Court permitted the introduction of parol testimony to assist the Court in the construction of the written papers which are the basis of the cause of action of the complainant, they being plain and unambiguous, upon their face.

"2. Because the Court in its final order decreed that under the title papers of the defendants, J. E. Thomas, he did not take an absolute title to the timber conveyed to him by Florence R. Shapley by deed dated the 24 day of June 1920.

"3. Because in its final order the Court decreed that J. E. Thomas had only a reasonable time in which to recover the timber described and conveyed to him in the deed from Florence R. Shapley dated the 24th day of June, 1920.

"4. Because the Court only allowed J. E. Thomas fifteen months from the date of the final order in which to remove the timber conveyed to him by Florence R. Shapley aforesaid on the land described in the foregoing deed from Florence R. Shapley."

The second and third assignments are mainly relied upon for review and reversal of the trial court's action complained of. The question presented by these two important assignments will be at once considered, as upon their correctness the merits of this appeal turn.

Appellant, in his brief, says, at page 4: "The construction of the language used in the above contract and deed is the matter for the determination of the Court in this proceeding; the question being whether under these two instruments, the grantee, McCafferty, acquired a fee simple to the timber or whether he acquired title to only so much of the timber as he could remove in a reasonable time."

The appellee, at page 4 of his brief, says: "As before stated, the questions before this Court are within narrow limits and relate, in the main, to a determination of whether or not when this timber was originally sold in 1903 it was intended by the parties that a right in perpetuity in the timber was created in the purchasers."

The questions thus presented, viz. the rights of purchasers of growing timber under contracts providing for the sale thereof, without making provision as to the cutting and removal of the same, the time within which it should be done, and the effect of failure so to do, have given rise to much litigation in the courts of Virginia. While the decisions may not have been always uniform, still, running through them all, will be found a line of demarcation that makes it clear that the rights of the respective parties, the landowner and the purchaser of timber rights, must each be determined with due regard to those of the other.

The correct solution of the problem thus presented is frequently not free from difficulty, and each case has to be considered and

passed upon in the light of its peculiar facts and circumstances, including especially all of the provisions of contracts, deeds or title papers tending to throw light on the particular transaction.

To grant the contention of the holder of the .timber rights that, when no provision limiting his interest in the matter of duration, and extent of occupancy of the land upon which the timber stands, is contained in the contract of sale, the omission operates, in. effect, to vest in the purchaser of the timber, rights to both the land and the timber, would be to place an incorrect and unreasonable interpretation upon such transaction; and hence the courts have been forced to the conclusion that, where the claim of the purchaser of the timber is plainly not a grant in perpetuity, having regard to the rights of both landowner and timber right purchaser, the right to the timber should be held to be one to be exercised within a reasonable time. This would seem to be well settled by the Virginia authorities, and this court would be bound thereby even if the correctness, justice, and fairness of the same did not commend itself to our judgment.

The provisions of the contract of March 31, 1903, and of the deed executed in pursuance thereof on November 18, 1908, admittedly prescribe no time within which the timber should be cut and removed from the land, and the provisions respecting entry upon the land to cut and remove the same, the construction and subsequent removal of buildings temporarily erected during such period of removal, and relating to rights of way, easements, and privileges upon and over the land for the laying of tracks for hauling the timber from the land, when construed together, are manifestly more in accord with the theory of a sale of the timber, with a reasonable time within which to remove the same, than with that of a sale of the timber in perpetuity.

We are convinced that a sale of the timber in perpetuity was not contemplated between the parties, but that, on the contrary, the contract should be construed as providing by implication for a reasonable time for the severance and removal of the timber.

The learned Judge of the trial court, in construing the contract of sale in this case, said: "In the case at bar, in my opinion, the parties did not 'clearly intend' and certainly did not 'definitely express' an intention that the vendees of the timber and their successors should have a perpetual right to allow the timber, or any part of it, to remain unsevered and unremoved. On the other hand, in the light of the documentary and oral evidence, it seems clear that the vendees of the timber and their successors in interest have no right to remove the timber after the expiration of a reasonable time."

With this view of the trial court we are in entire accord, and feel that the same has the support of the leading Virginia authorities on the subject.

In Johnson v. Powhatan Min. Co., 127 Va. 352, 103 S. E. 703, Judge Prentis, speaking for the Supreme Court of Appeals of Virginia, said, at pages 365, 366 of 127 Va. (103 S. E. 707): "The decree in this cause from which this appeal is taken construes the language of such grant of the mineral, timber and water rights thus: That it 'means, embraces and includes a full and complete right, title and interest in, to and for all the mineral rights and privileges, all the water rights and privileges, and all the timber rights and privileges, together with the right to use and remove the same from the said 499-acre tract of land, with all necessary rights and privileges for the full and complete enjoyment of the easement upon the said 499-acre tract of land.' So far as this relates to the timber and the right to remove the same, we are of opinion that the court should have imposed a reasonable limitation as to the time within which such timber should be removed. While the question is not entirely free from doubt, and there has been some conflict in the authorities, in this State it is settled, since the case of Young and Wright v. Camp Mfg. Co., 110 Va. 678, 66 S. E. 843, that where one owns the fee in the land and another owns the timber growing thereon, with the right to remove it, the owner of the timber should sever and remove it within a reasonable time, unless the contract clearly gives an indefinite and perpetual right to allow the timber to remain unsevered. It would be a hardship never contemplated by the parties in the original contract for the sale of growing timber to permit the owner of the timber to use the surface of the land indefinitely and thus deny its use to the owner of the fee. While it is possible so to draw a contract as to give such a perpetual right to the owner of the timber, the courts will not construe a contract to have such meaning unless the parties clearly so intended and definitely expressed such intention. The subsequent Virginia cases of Carpenter v. Camp Mfg. Co., 112 Va. 300, 71 S. E. 559, and Brown v. Surry Lumber Co., 113 Va. 503, 75 S. E. 84, approve and follow Young and Wright v. Camp Mfg. Co., and this accords with the weight of authority. Eastern Ky.

M. & T. Co. v. Swann-Day Lumber Co., 148 Ky. 82, 146 S. W. 438, 46 L. R. A. (N. S.) 673, note."

This quotation, which cites and follows several of the leading Virginia cases, shows that the appellate court of Virginia has given much thought and consideration to the subject.

In Brown v. Surry Lumber Co., 113 Va. 503, 75 S. E. 84, Judge Keith, president of the Supreme Court of Appeals of Virginia, speaking for the court, referring to the case of Young and Wright v. Camp Mfg. Co., 110 Va. 678, 66 S. E. 843, said, at page 507 of 113 Va. (75 S. E. 86): " * * * The court held, among other things, that a deed to standing timber, with the right to erect buildings and use and operate railroads on the land, and with the right, for a fixed period, to cut and remove the timber, and with the further right, on the grantee failing to remove the same within the fixed period, to such additional time as he may desire, on paying interest on the price annually, does not convey an absolute and unconditional title to the timber, but only conveys title to such as may be cut and removed within the fixed period, and such reasonable extensions thereafter as the grantee is entitled to, or as may be agreed on between the parties, and does not give the grantee a right to cut and remove the timber for an indefinite period; and that, unless the deed clearly manifests an intention of the grantor to convey to the grantee a perpetual right to enter on the land and cut trees, the grantee of standing timber is allowed only a reasonable time to remove the timber, where the conveyance contains no provision as to the time of exercising the right of removal."

In Adams v. Hazen, 123 Va. 304, 96 S. E. 741, a comparatively recent case, Judge Sims, speaking for the Virginia appellate court, in considering the question of whether the contract under consideration in that case was nonenforceable because of the failure to prescribe the time in which the timber must be severed and removed, said, at page 324 of 123 Va. (96 S. E. 746): "It is well settled that where no time for the removal of timber is specified in timber contracts, the contracts will be construed as providing, by implication, for 'a reasonable time' for such removal. Wright v. Camp Mfg. Co., 110 Va. 678, 66 S. E. 843; Carpenter v. Camp Mfg. Co., 112 Va. 300, 71 S. E. 559; Brown v. Surry Lumber Co., 113 Va. 503, 508, 75 S. E. 84; and authorities cited in such cases. The contract in the case before us, therefore, was not incomplete, as it must be regarded in a court of equity (or at law, for that matter), nor unenforceable, because of the omission in question"—again citing the leading Virginia authorities given above.

Appellant's assignments of error Nos. 1 and 4, No. 1 relating to the introduction of parol testimony in connection with construing the contract and deed in question, and No. 4 to the allowance of fifteen months from the date of the final order within which to remove the timber from the premises, are without merit, as in the first there was no infraction of the rule invoked as to the introduction of parol testimony prejudicial in character to the appellant, and, as to the allowance of time fixed in which to remove the timber, the same was a matter clearly within the discretion of the trial court (Carpenter v. Camp Mfg. Co., 112 Va. 300, 305, 71 S. E. 559); and the period of fifteen months allowed was all that appellant could reasonably have asked, taking into consideration the time that had already expired in connection with the right to cut the timber.

Appellant's counsel in his able and interesting brief has cited an array of authorities, which are as follows: Wilson Bros. v. Branham, 131 Va. 364, 109 S. E. 189; Brown v. Surry Lumber Co., 113 Va. 503, 75 S. E. 84; Hughes v. Hughes Ex'r (Va.) 2 Munf. 209, 225; Baxter v. Mattox, 106 Ga. 344, 32 S. E. 94; McNally v. McNally, 23 R. I. 180, 49 A. 699; Sawyer v. Arnold, 1 La. Ann. 315; Clap v. Draper, 4 Mass. 266, 267, 3 Am. Dec. 215; Farley v. Craig, 11 N. J. Law (6 Halst.) 262–264; Landell v. Hamilton, 175 Pa. 327, 34 A. 663, 34 L. R. A. 227; Hitch v. Patten, 8 Houst. (Del.) 334, 16 A. 558–561, 2 L. R. A. 724; Fenton v. Fenton, 35 Misc. Rep. 479, 71 N. Y. S. 1083; Keystone Lumber Co. v. Brooks, 65 W. Va. 512, 64 S. E. 614; Hicks v. Phillips, 146 Ky. 305, 142 S. W. 394, 47 L. R. A. (N. S.) 878; Lodwick Lumber Co. v. Taylor, 100 Tex. 270, 272, 98 S. W. 238, 239, 123 Am. St. Rep. 805; Magnetic Ore Co. v. Marbury Lumber Co., 104 Ala. 465, 16 So. 632, 27 L. R. A. 434, 435, 53 Am. St. Rep. 73; Butterfield Lumber Co. v. Guy, 92 Miss. 361, 46 So. 78, 15 L. R. A. (N. S.) 1123, 131 Am. St. Rep. 540; Baker v. Kenney, 145 Iowa, 638, 124 N. W. 901, 139 Am. St. Rep. 456; North Georgia Co. v. Bebee, 128 Ga. 563, 57 S. E. 873; Cobban Realty Co. v. Donlan, 51 Mont. 58, 149 P. 484; Tuxbury Lumber Co. v. Byrd, 131 S. C. 32, 127 S. E. 267. Of the cases cited, three are Virginia decisions, viz. Wilson Bros. v. Branham, 131 Va. 364, 109 S. E. 189, Brown v. Surry Lumber Co., 113 Va. 503, 75 S. E. 84, and Hughes v. Hughes,

Ex'r, 2 Munf. (Va.) 209, 225. As we view these Virginia decisions, they either do not support the views contended for by appellant, or are clearly distinguishable from the present case. The Brown v. Surry Lumber Co., case rather sustains the view contended for by appellee than that of the appellant, and the other two Virginia cases, Wilson Bros. v. Branham and Hughes v. Hughes, Ex'r, are dependent upon circumstances which clearly distinguish them from this case.

In the array of authorities other than those from Virginia cited by appellant will be found many interesting and instructive cases bearing on the matter under consideration, and in some of them are contained able discussions of the subject. These cases one and all are either distinguishable from the facts in the present case, or are at variance with the well-known Virginia rule hereinbefore announced, by which this court feels bound.

The decree of the District Court is affirmed, with costs to appellee.

Affirmed.