## Wytheville.

## J. R. WHEELER COMPANY v. HITE.

June 8, 1916.

Absent, Cardwell, J.

1.  LOGS AND LOGGING—*Standing Timber—Time to Cut and Remove—Judicial Sales.*—A purchaser of timber at a judicial sale who is given a fixed time from the day of sale within which to cut and remove the timber cannot cut or remove it after that date.
2.  JUDICIAL SALES—*Rights of Purchaser—How Fixed—Commissioner's Deed.*—The terms of a decree of sale, and not the unauthorized provisions in the deed made by a commissioner of the court determine the rights of a purchaser at a judicial sale. The commissioner has no interest in the property, but is a mere instrumentality of the court, and, exercising the naked power conferred upon him by the decree in transferring the title, cannot vary its terms.

Error to a judgment of the Circuit Court of Brunswick county in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Buford & Peterson,* for the plaintiff in error.

*Turnbull & Turnbull,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

In an action of assumpsit by the defendant in error, Mattie S. Hite, against the plaintiff in error, the J. R.

Wheeler Company, to recover damages for timber alleged to have been unlawfully cut and removed from plaintiff's premises, the jury awarded $634.50 damages to the plaintiff. To a judgment on that verdict this writ of error was granted.

The timber was sold at a judicial sale on November 23, 1903, the decree of sale providing that the purchaser should have "ten years in which to cut and remove the said timber from the day of sale." The commissioner reported the sale of the timber on December 3, 1903; the sale was confirmed December 8, 1903, and on December 17, following, the commissioner conveyed the timber to the purchaser, and, without authority, stipulated in the deed that he should have ten years from the date thereof within which to cut and remove the same. A small quantity of the timber was cut within ten years after the sale, but none was removed within that time, and the greater part of it was cut afterwards.

The case was correctly tried upon the theory that the limitation prescribed by the decree of sale, and not the time limit specified in the commissioner's deed, was controlling; and the court instructed the jury accordingly.

The plaintiff's right to recover damages for timber cut and removed by the defendant after the expiration of the time fixed by the decree is settled by the recent cases of *Smith* v. *Ramsey*, 116 Va. 530, 82 S. E. 189, and *Blackstone Mfg. Co.* v. *Allen*, 117 Va. 452, 85 S. E. 568. The principle that the terms of the decree of sale govern the rights of the purchaser rather than unauthorized provisions in the commissioner's deed is manifest. He has no interest in the property conveyed, and merely acts as an instrumentality of the court, possessing no independent authority, and, exer-

cising the naked power conferred upon him by the decree in transferring the title, cannot vary its terms. *Taylor* v. *Cooper*, 10 Leigh (37 Va.) 317, 34 Am. Dec. 737; *Walton* v. *Hale*, 9 Gratt. (50 Va.) 194, 198; *Robinson* v. *Smith*, 94 Va. 250, 252, 26 S. E. 579, 64 Am. St. Rep. 723.

The judgment is plainly right, and is affirmed.

*Affirmed.*