## Richmond.

## WILLIAM R. JAMES V. ANNIE D. MCGUIRE.

March 16, 1922.

Absent, West, J.

1.  LOST INSTRUMENTS AND RECORDS—*Suit to Set Up Deed Destroyed by Grantor—Case at Bar.*—Appellant, an elderly man, agreed with appellee, a much younger woman, that they would occupy appellant's house, that appellee would treat appellant as though he were her father, and that appellant would deed the house to appellee and make her his heir. Accordingly, appellant conveyed the house to appellee. Afterwards appellant obtained the deed for the alleged purpose of reading it over, and destroyed it. Thereupon appellee instituted the instant suit to set up the deed and require its re-execution. In defense appellant alleged a mutual mistake, fraud in obtaining the deed and failure of consideration.

    *Held:* Upon the consideration of the whole evidence, that it did not establish any of these defenses.

2.  RESCISSION, CANCELLATION AND REFORMATION—*Suit to Set Up Deed Destroyed by Grantor—Reformation in Appellate Court.*—In a suit to set up a deed destroyed by the grantor and require its re-execution, the grantor alleged that a clause in the deed which provided that the grantor was to have a room and to live as one of the family of the grantee, so long as it should be mutually agreeable, did not express the intention of the parties.

    *Held:* That equitable considerations require that the clause of the deed in question should be modified so as to clearly express the intention of the parties, which was that the grantor retained an absolute right to occupy a room in the house, and the decree was accordingly modified to that extent.

Appeal from a decree of the Circuit Court of the city of Lynchburg. Decree for complainant. Defendant appeals.

*Amended and affirmed.*

The opinion states the case.

*Thos. D. Christian, Harrison & Long,* and *S. H. Williams,* for the appellant.

*John D. Easley* and *William Leigh,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

[1, 2] The appellant, a man who was then sixty-nine years old, by deed delivered October 2, 1917, under the circumstances to be hereafter stated, conveyed a certain house and lot to the appellee, a woman many years his junior, a divorcee. Thereafter, November 15, 1917, he asked her for the deed, which, by agreement between them, had not been recorded, so that he might read it over. He took it out of the house in which they were then living, down to his store, and four or five days after that he destroyed it by tearing his signature therefrom. She asked him several times to return the deed, and then, in January, 1918, he told her that he had destroyed it. She thereupon promptly instituted this suit, the object of which was to set up the deed and require its re-execution. The trial court granted the prayer of the bill and entered a decree requiring the appellant to execute and deliver to her a deed identical with that which he had thus destroyed, and from that decree this appeal was taken.

The appellant seeks to justify his conduct by claiming that there was a mutual mistake in the deed, that it did not properly express the contract, that it had been obtained by deceit and fraud, and by the abuse of his trust and confidence in her, alleging that she occupied a fiduciary relation to him, and that the consideration had failed.

The principles of law governing courts of equity in such cases have been frequently stated, and all of the legal propositions maintained by the learned counsel for the appellant are fully supported by reason and authority; but we find

ourselves unable to apply the doctrines for which he contends to the facts of this case. There is conflict upon some material points in the testimony of the parties to the transaction, and if all of the evidence of the appellee were ignored and all of that of the appellant were credited, then a fairly debatable question would be presented. When, however, the whole evidence is considered and the testimony of the appellee given due weight, it seems to us apparent that there is no substantial error in the decree.

Stated briefly, the pertinent facts are, that the appellant, who was a childless widower, was so attracted by the attentions of the appellee, first to his deceased wife, with whom she had been friendly for two years, and afterwards to him in his bereavement, decided that it would be most desirable to have her make a home for him. With this idea in mind, he voluntarily suggested to her that he make his will in her favor, and he accordingly executed and showed her a copy of his will making her sole beneficiary, he being at the time the owner not only of the lot here referred to, but of other real and personal estate in the city of Lynchburg, as well as his stock of goods as a retail merchant. She was greatly pleased at this prospect of bettering her fortunes, and favorably entertained the suggestion. Shortly after that, she went to visit her father and brothers in North Carolina, and when she returned she suggested that the will be put in a different form, and he readily re-executed it, making her the sole beneficiary, with the added provision that in case she should die before he did, his entire estate should go to her only daughter. They were then living in separate houses, but the plan was that she was to own and move into his home, treat him as a father and care for him there; that he would eat at her table, but that the expense of maintaining the family would be equitably shared. Thereafter, she told him that she had been advised that, as he would have the right to revoke his will, she would

be unwise to surrender her own rented home and go to his unless he would make her a deed for the property. When she suggested this to him he at first demurred, and she finally told him positively that she would not move into his house unless he would first convey the property to her. Pursuing their general understanding, she expended some of her own money in repairing and improving the property. Her testimony is to the effect that he told her to prepare the deed, that it was unnecessary to have a lawyer, and he handed her a previous deed which described the property. They discussed together the necessity of having his wife's will admitted to probate, that will being a link in the chain of title. He had this will probated September 20, and thereafter, on September 25, as she was moving into the house, she had a notary there, and with a deed which had been prepared by a friend of her family who was a real estate agent. He postponed the execution of this deed, claiming that the time was not opportune, as they were busy moving. At a later date, October 2nd, it was again presented to him; he read it over several times, specifically referred to the provision in the deed of which he is now complaining, received, as he says, her construction of it, and thereupon executed, acknowledged and delivered it. On the same occasion he executed in duplicate an agreement with reference to a lane which was then used in common by the occupants of the property conveyed and the tenant of the adjoining property, which also belonged to the appellant. The subject of this conveyance had been frequently discussed between them. There was no undue haste, and according to her testimony there was not the slightest concealment of any material fact, though he claims that she studiously concealed the fact that the deed was drawn by her friend, the real estate agent, instead of by an attorney in whom he had confidence, and who he thought had prepared the paper.

Now, the clause in the deed of which he complains reads:

"* * * and it is further covenanted that the said William R. James is to have a room and to live as one of the family with the said Annie D. McGuire so long as it shall be mutually agreeable." After such delivery and when he began to complain that the deed did not express their agreement because it did not give him power enough, according to his testimony she agreed to destroy it; while, according to her testimony, she agreed to have him substitute therefor another deed which should fully express their joint purpose. Instead of accepting her proposition to substitute another deed which should properly express such purpose, and upon his express or implied promise to return it promptly, he borrowed the deed from her and destroyed it. He was a man in the full possession of all of his faculties, had been a retail merchant in the city of Lynchburg for many years, had apparently accumulated an estate sufficient for his needs, and unless the courts are to extend their power to relieving parties of their contracts simply because they become dissatisfied, then this complainant is entitled to no relief. The question presented is a question of fact, and the burden is upon the appellant to establish the fact upon which he relies to defeat his contract. He has failed to do so, and while his disappointment excites sympathy, it affords no ground for the cancellation of his contract.

His claim that the consideration has failed is unsupported by the testimony fairly considered. He continued to eat at her table until October, 1918, although this suit was instituted in January of that year, and then ceased to do so without giving her any reason therefor. He continues to occupy his room in the house. His own conduct has been such as to make it impossible for her to carry out in good faith their mutual agreement that she should make a home for him. The objectionable clause of the deed under which the appellant has justified his conduct is not before the court for construction. Equitable considerations,

however, under the circumstances require that the clause of the deed objected to and because of which the appellant has sought to justify his conduct should be modified so as more clearly to express the intention of the parties. While it is probable that a court would construe this clause as meaning that the appellant retained an absolute right to occupy a room in the house, the room which he has retained and now occupies, still that question should not be left open for future litigation. *Old Dominion Bank* v. *Mc-Veigh,* 32 Gratt. (73 Va.) 542; *Zirkle* v. *Allison,* 126 Va. 705, 101 S. E. 869, 15 A. L. R. 40. The two subjects of the clause can be easily separated, and when the expressed motives of both of the parties and the contemporaneous facts are considered, it seems clear that the deed should contain an unequivocal expression of their intention, so that we will here modify the decree and for the objectionable clause therein appearing will substitute this language: "and it is further understood and mutually agreed that the said William R. James reserves a room in the dwelling upon the lot hereby conveyed, for and during the term of his natural life with the right to occupy the same and at all times to have ingress thereto and egress therefrom; and it is further understood that he is to live with the grantee, Annie V. McGuire, as one of her family, so long as it shall be mutually agreeable." With this modification, it seems manifest to us that the appellant will have little of which to complain, for although his plan to secure a home is disappointed, it is not at all likely that he ever desired to remain a member of the family and to eat at her table any longer than it should prove to be mutually agreeable. Such a modification of the deed fairly meets the equities of the case. The appellant having failed to sustain the burden which is imposed upon him by law, cannot now avoid the consequences of his contract, however great his disappointment in the result.

*Amended and affirmed.*