# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢

## SMITH AND OTHERS v. RAMSEY

### June 11, 1914.

#### Absent, Cardwell, J.

1. LOGS AND LOGGING—*Standing Trees—Fixed Time for Removal.*—A deed to standing trees with the right for a fixed period to cut and remove the same does not convey an absolute and unconditional title to the timber, but only conveys title to such as may be cut and removed within the fixed period. The provision for cutting and removal within a fixed period is not a covenant but a condition.

2. LOGS AND LOGGING—*Fixed Time to "Cut and Remove"—Rule of Construction of Contracts.*—Under a contract, to "cut and remove" timber within a fixed period the timber must not only be cut, but also removed within the time prescribed. The time limit fixed is as applicable to the removal as it is to the cutting. The word "remove" is not synonymous with "cut," but is used in the case at bar in its ordinary sense, and the well settled rule is that no word in a contract is to be treated as meaningless, if any meaning reasonable and consistent with other parts of the contract can be given to it.

3. LOGS AND LOGGING—*Standing Trees—Trees Cut But Not Removed.* The expenditure of money and labor in cutting timber and preparing it for removal does not satisfy the condition that it is to be cut and removed within a fixed period, and timber cut and prepared for removal but not actually removed within the time prescribed by the contract is the property of the owner of the soil.

Error to a judgment of the Circuit Court of Caroline county in an action of trover. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The defendant in error brought this action of trover and conversion to recover the value of certain railroad ties, lumber, pulp wood, etc., which the defendants had, as averred, converted to their own use. There was a verdict and judgment in favor of the plaintiff. To that judgment this writ of error was awarded upon the petition of the defendants. .

All questions of law and fact were submitted to the court for its decision, without a jury, upon an agreed statement of facts, which is as follows:

"It is agreed that the letter of date February 10, 1913, addressed to the plaintiff, John N. Ramsey, is the first notice sent or received forbidding the further removal of the ties, wood, lumber, etc., and that the said notice shall be taken to have been signed and is to be as binding upon the other defendants as tho' signed by the other defendants.

"It is further agreed that the timber which is the subject matter of this action was cut and manufactured before the 9th day of February, 1913, and the only question at issue is over the right of the plaintiff to property in and to remove the same after the expiration of his contract.

"It is further agreed that, in August, 1912, at least six months before the expiration of said contract John N. Ramsey visited the defendant and in conversation with D. C. Smith offered to buy certain pine trees not included in the contract of Feb. 9, 1911, and that the defendant signified his willingness to sell; that thereupon the plaintiff offered the defendant $50.00 for the pine trees on condition, however, that the defendants would extend the time limited in the contract of Feb. 9, 1911, for a period of 8 months, that the defendant agreed to sell the pine trees at $50.00, but informed the plaintiff that the time of the February contract would not be

extended a single day, that thereupon the plaintiff refused to buy the pine trees and told the defendant, D. C. Smith, that he (plaintiff) intended to cut all of the trees included in his contract and would remove the same when he got good and ready in spite of the contract.

"It is further agreed that the following is a correct count and measurement of the ties, wood, lumber, etc., cut under the said contract and not removed from the premises prior to February 3, 1913, and that the total value set is to be considered the correct value of the same, to-wit:

| | |
|---|---|
| 128 finished oak railroad ties | $ |
| 34 unfinished oak railroad ties | $ |
| 4,659 feet of sawed lumber | $ |
| 558 feet of sawed lumber | $ |
| 46½ cords of pulp wood | $ |
| 16 pieces of wagon poles | $ |
| 2,500 feet oak and gum culls valued in the aggregate at | $550.00 |

"Subscribed and agreed to.

      "G. B. WALLACE,
          for the Plaintiff.
      "CHANDLER & BEALE,
          Att'ys for Defendants.

"It is agreed that the defendants have taken possession under a claim of ownership of the ties, lumber, pulp wood, etc., set out above, and remaining on the premises Feby. 10, 1913, and deny the right of the plaintiff to the same.

      "G. B. WALLACE,
          Att'y for the Plaintiff.
      "CHANDLER & BEALE,
          Att'ys for Defendants.

"Contract of date February 9, 1911, referred to in agreement, which is in the following words and figures, to-wit:

"This contract, made and entered into this 9th day of February, 1911, between M. D. Parr and Ada E. Smith and D. C. Smith her husband, parties of the first part, and John N. Ramsey party of the second part, *Witnesseth,* that for and in consideration of the sum of five hundred dollars, one hundred dollars of which is paid in cash and the balance to be paid in thirty days from the date of this contract, the said parties of the first part have sold unto the said party of the second part all the growing timber (except the pine and cedar) on what is known as the river land of the North Point farm, and more particularly described as follows: Commencing at Hawes Bridge over the Mattaponi river and running as the old main road used to run to the foot of the long hill at corner of fence, thence around the foot of the hill to the edge of the field, thence with the edge of the field to Mrs. Buchanan's line; thence with Mrs. Buchanan's line to the said Mattaponi river and thence down said river to the point of beginning.

"The said parties of the first part agree to give the said party of the second part two years from the date of this contract in which to cut and remove said timber. And the said party of the second part is to have a right of way out to the main county road at the foot of the long hill first mentioned in this contract.

"Witness the following signatures and seals:

> "Mrs. M. D. Parr,       (*seal*)
> "Mrs. Ada E. Smith,    (*seal*)
> "D. C. Smith,            (*seal*)
> "John N. Ramsey,       (*seal*)

"If fences are broken down by trees or pulled down in any way for outlets the fence must be repaired or put in good order at once.

"Letter Referred to in Agreed Statement of Facts, Which is in the following words and figures, to-wit:

"Paige, Va., Feb. 10, 1913.

"Mr. John N. Ramsey,

"Fredericksburg, Va.

"Dear Sir:

"I write to notify you that the contract between us to cut and remove timber sold to you by me expired on the 9th day of February 1913, I hereby forbid moving any more of the said timber.

"Respectfully,

"D. C. Smith."

*Chandler & Beale* and *W. S. McNeill,* for the plaintiffs in error.

*G. B. Wallace, F. M. Chichester* and *C. M. Chichester,* for the defendant in error.

Buchanan, J., (after making the foregoing statement) delivered the opinion of the court.

The controversy in this case grows out of the agreement attached to the agreed statement of facts. By that instrument the defendants sold to the plaintiff all the growing timber (except pine and cedar) on a designated parcel of land, and gave him two years from that date in which "to cut and remove said timber," and a right of way, describing its course, from that land to a public highway. The controversy here depends upon the meaning of the words "to cut and remove" as used in the agreement.

There is scarcely any other subject upon which there is so great a diversity of judicial decision as in the construction of what are known as timber contracts. Not only have the courts of different jurisdictions construed

them differently, but the decisions of the same court have not always been uniform. Some courts hold that the rights of the vendee or grantee in such contracts are a license, others a lease, others an absolute sale, and others a conditional sale. In some cases it is held that the sale or conveyance is absolute and the requirement to cut and remove the timber within a specified time a mere covenant, the breach of which does not affect the title, but only entitles the vendor to damages when broken, unless by the terms of the deed or contract, expressly or impliedly, the vendee's title is forfeited for failure to cut and remove the timber within the designated time. In other cases it is held that the sale or conveyance is not absolute but conditional, and that title to such timber as is not cut and removed within the time limit remains in the vendor or grantor. Whether the sale or conveyance be regarded as absolute or conditional, where the transaction is considered a sale, accounts largely for the different conclusions reached by the courts as to the rights of the parties.

The difference in the rights of the parties under such contracts or conveyances, when held to be absolute and when held to be conditional, is clearly stated in *Green* v. *Bennett,* 23 Mich. 464, 470, by Judge Christiancy, in the opinion of the court of which Judge Cooley was then a member. In that case it was said in substance, that under a contract for the sale of all the wood and timber on specified land to be removed within a designated time, the wood and timber remain the property of the purchaser, though not removed within the time fixed if the contract is construed as making an absolute sale of the same . . . and if the sale is conditional and the provision for removal within the specified time is in the nature of a condition, the purchaser would, if the vendor should insist on the condition, lose all right to the

wood and timber not removed within the time specified, and the vendor would have the right to insist on the breach of the condition and hold the wood not thus removed.

In the case of *Irons* v. *Webb,* 41 N. J. L. 203, 32 Am. Rep. 193, Chief Justice Beasley in delivering the opinion of the court in which such a sale was held not to be conditional said, in concluding that opinion: "In forming the foregoing opinion, I have laid no stress on the fact that the timber in the present instance was actually cut down before the end of the time limited in the deed for its removal. This has been designedly done, as it is not perceived how such fact can add anything to the force of the exception in the conveyance in the way of fixing title in the grantor. I have endeavored to show that the exception is unconditional; and if this be so, by its own efficiency it kept the title to the timber in the plaintiff" (the grantor who had reserved the timber) "but if to the contrary the property in the timber was not to remain in the plaintiff unless the trees were removed within such period, then very clearly the mere felling of the trees would not satisfy the requirement of such condition."

The general subject of the construction of instruments such as is in question in this case was carefully examined and considered in *Young* v. *Camp Mfg. Co.* and *Wright* v. *Same,* reported in 110 Va. 678, 66 S. E. 843, and the conclusion reached, that a deed to standing timber with the right for a fixed period to cut and remove the same does not convey an absolute and unconditional title to the timber, but only conveys title to such as may be cut and removed within the fixed period.

In the subsequent cases of *Brown* v. *Surry Lumber Co.,* 113 Va. 503, 507, 75 S. E. 84, and *Quigley Furniture Company* v. *Rhea and others,* 114 Va. 271, 280-281, 76

S. E. 330 the conclusion reached in that case as to the character of such contracts was approved and followed.

While the facts in those cases and in this as to what had been done under the contracts or deeds were different, the character of the contract in each was substantially the same. Those decisions would seem, therefore, to settle, if decisions can settle a question, that the provisions in such contracts for the cutting and removal of the timber within a fixed period are not covenants but conditions.

It is insisted, however, by counsel for the plaintiff, that even if the sale in this case be held to be conditional under our decisions, the conditions for cutting and removing only applied to the timber left standing upon the premises at the expiration of the time limit, and not to that which was cut during that period but not removed from the premises, and especially where it had been manufactured.

It is clear from the language used, taking the words in their ordinary and popular sense, as they must be since there is nothing in the case to show that they were understood in a different sense, that it was the intention of the parties that the timber should be cut and removed from the defendants' land within two years. The suggestion that the court in *Wright* v. *Camp Mfg. Co., supra,* and the cases which follow it used the words "cut" and "remove" as synonymous, both meaning to sever the trees from the soil and not necessarily removing them from the land has no foundation. In *Quigley Furniture Co.* v. *Rhea, supra,* the words "cut and remove" are treated as synonymous with the words "cut and take off." The well settled rule of construction is, that no word in a contract is to be treated as meaningless (as would be the case if "remove" were held to be synonymous with "cut") if any meaning reasonable and cou-

sistent with other parts of the contract can be given to it." *Stephen Putney Shoe Co.* v. *R. F. and P. R. Co.*, 116 Va., 81 S. E. 93, and authorities cited. There is nothing in the contract to indicate that the word "remove" was not used in its ordinary and popular sense. There is only one time limit fixed by the contract and that is as applicable to the removal as it is to the cutting ·of the timber. *Story* v. *Eddy,* 40 Ver. 551. Upon what principle of construction can it be said that the time limit applies to the one and not to the other. The manifest object of the time limit was to fix a period within which the plaintiff was to exercise all the rights acquired under the contract. It cannot be supposed that the owners of the land intended to limit the purchaser's right "to cut" the timber to two years and give him an indefinite or unlimited time in which to remove it after it was cut, and in the mean time deprive themselves of the use of the land upon which the timber grew and subject their other lands to a right of way for an indefinite or unlimited time.

To hold that by such a contract it was intended by the parties that the plaintiff should have two years within which to cut the timber and after that period had expired he should have a reasonable time within which to remove it would be. to disregard the agreement which they had made for themselves and make a new one for them. It is clear, not only from the language of the agreement that the parties intended that the timber must be cut and removed within the time limit, but their subsequent conduct shows that they so understood it. By the agreed statement of facts it appears that at least six months before the end of that period the plaintiff made an effort to purchase from the defendants certain pine trees excepted from the contract in question; that the defendants were willing to sell the same; that the

plaintiff made an offer of $50.00 for the pine trees, on condition, however, that the defendants would extend the time limit of the said contract for a period of eight months; that the defendants were willing to take the price offered, but informed the plaintiff that the time limit of the said contract would not be extended a single day; that the plaintiff thereupon refused to buy the pine timber and told one of the defendants "that he intended to cut all the trees included in his contract and that he would remove the same when he got good and ready in spite of the contract."

Where, as in this jurisdiction, such sales or conveyances do not give an absolute and unconditional title to the timber, but only give title to such timber as is cut and removed during the time limit, how can the cutting of the timber satisfy the condition that it was to be removed from the land within the time agreed upon? How can the performance of one of two conditions satisfy the requirement of the other? "If," as said by Chief Justice Beasley in *Irons* v. *Webb, supra,* "the property in the timber was not to remain in the plaintiff unless the trees were removed within such period, then very clearly the mere felling of the trees would not satisfy the requirement of such condition."

"It has been held," says Mitchell, J., in delivering the opinion of the court in *King* v. *Merriman,* 38 Minn. 47, 35 N. W. 570, "in a few cases, that if the timber is cut within the time limited in the contract for its sale the property is in the vendee, although not removed within the limitation of the contract; but such a doctrine would seem to be based on the supposed hardship of such a case rather than upon strict logic."

The contract when made was a contract in reference to real estate (*Stuart* v. *Pennis,* 91 Va. 688, 691, 22 S. E. 509) and the fact that by cutting or felling the timber

it was converted into personalty did not change the character of the contract and make it one for the sale of personal property to be governed by the law applicable to such sales. It was impossible to perform the conditions of the contract without severing the trees from the soil and thus converting them into personalty, so that they could be removed from the land. Neither would the expenditure of money or labor in preparing the timber for removal from the land, without actually removing it, satisfy the condition to remove, unless done with consent, express or implied, of the vendor or grantor.

The requirement to remove being a condition the defendants could have waived it, but there is nothing in this case to show that there was any waiver, or that the timber was manufactured into ties, sawed lumber, pulp wood and wagon poles with the knowledge of the defendants, much less with their approval or consent, or by reason of any waiver of the condition that the timber, in whatever shape it was, was to be removed within the time limit. On the contrary, it clearly appears that there was no consent or waiver of any kind on the part of the defendants, and that the plaintiff, with full knowledge that performance of the condition to remove would be insisted on, proceeded deliberately and in defiance of the terms of the contract, not only as written, but as understood by both parties, not to keep and perform the conditions imposed by it.

The court is therefore of opinion that under the facts of this case the plaintiff was not entitled to recover, and that the circuit court erred in so holding. Its judgment must, therefore, be reversed, and this court will enter such judgment for the defendant as it ought to have entered.

*Reversed.*