BANK OF ONSLOW v. ROWLAND LUMBER · COMPANY.

(Filed 18 May, 1927.)

**Mortgages — Title — Timber — Deeds and Conveyances — Extension of Period for Cutting and Removing Timber—Consideration—Payment —Tender.**

A mortgage given on timber growing on lands conveys the title only to the extent of securing the note given to the mortgagee for the payment of the money borrowed thereunder, and where the timber deed provides for an extension period for the cutting and removing of the trees upon the grantee's exercising his option and paying the consideration before the termination of the first or succeeding periods, a payment or proper tender to the grantor or his successors and assigns in conformity with the provisions of the instrument secures to the grantee or those thus rightly claiming under him the continued right to cut and remove the timber for the stated period.

APPEAL by defendant from *Devin, J.,* at November Term, 1926, of ONSLOW. Reversed.

Action to recover damages for trespass by cutting and removing timber from lands owned by plaintiff.

It was agreed at the trial that on 1 February, 1925, defendant entered upon said lands and cut and removed therefrom timber of the value of $1,200.

The court having found the facts from the evidence, by consent, and being of the opinion upon said facts that defendant had no right to enter upon said lands, and to cut and remove said timber, on 1 February, 1925, rendered judgment that plaintiff recover of defendant the sum of $1,200, with interest from 1 February, 1925.

From this judgment defendant appealed to the Supreme Court, its principal assignment of error being based upon its exception to the judgment.

*Varser, Lawrence, Proctor & McIntyre for plaintiff.*
*L. I. Moore for defendant.*

CONNOR, J. The material facts upon which the determinative question involved in this appeal is presented for decision are as follows:

1. On 9 March, 1906, William Simmons and his wife, by deed duly recorded on 20 April, 1906, conveyed to Blades Lumber Company the timber on lands described in said deed.

With respect to the time within which said timber may be cut and removed from said land, the deed provides, first, that the grantee, its successors or assigns, shall have the full term of ten years from the date of the deed within which to cut and remove said timber, and second, that at the expiration of said term of ten years, said time may be extended from year to year, for an additional term of ten years, upon the request of said grantee, its successors or assigns, and upon payment to the grantor for each yearly extension of a sum equal to six per cent of the purchase price paid for said timber.

2. The defendant Rowland Lumber Company, by *mesne* conveyances, has succeeded to the rights, privileges, and property conveyed by said deed to Blades Lumber Company, and as its successor is now the owner thereof.

3. Upon the expiration of the original term of ten years within which said timber might be cut and removed, the time for such cutting and removal was extended in accordance with the provisions of said deed to 9 March, 1920.

4. Before the expiration of such extended time, to wit, on 2 February, 1920, William Simmons and his wife, for the purpose of securing the payment of their note to plaintiff Bank of Onslow, executed and delivered to said Bank of Onslow a mortgage deed, which was duly recorded on 16 February, 1920, by which they conveyed to said bank the lands on which the timber theretofore conveyed to Blades Lumber Company was standing and growing; other lands were also conveyed by said mortgage deed.

5. Thereafter, to wit, on 27 February, 1920, the defendant Rowland Lumber Company, or its predecessors in title, for the purpose of obtaining an extension of time within which to cut and remove said timber, from 9 March, 1920, to 9 March, 1923, paid to William Simmons, the mortgagor of plaintiff Bank of Onslow the sum of money required by the provisions of the deed from said William Simmons and wife to Blades Lumber Company for such extension, and took from said Simmons his receipt for said sum of money, which was duly recorded.

6. Default was made by William Simmons in the payment of his note secured in the mortgage to plaintiff, at its maturity, to wit, 1 November, 1920; thereafter an action was begun by plaintiff against said Simmons

and wife for the foreclosure of said mortgage. All the lands conveyed by said mortgage were sold under a decree rendered in said action. The lands upon which the timber in controversy in this action was located were purchased by plaintiff and conveyed to it by the commissioner's deed, dated 28 December, 1922, and recorded on 25 January, 1923. After applying the proceeds of the sale of all the lands conveyed by said mortgage to the indebtedness therein secured, there is a balance due on said indebtedness of more than $1,500, which remains unpaid.

7. On 27 February, 1923, after plaintiff had become the owner in fee of the land on which said timber is located, defendant tendered to plaintiff the sum of money required for an extension of the time within which to cut and remove the same from 9 March, 1923, to 9 March, 1926; plaintiff refused to accept said money. Defendant thereafter, on 1 February, 1925, entered upon said land and cut and removed timber therefrom of the value of $1,200.

8. From the date of the execution of the mortgage deed by William Simmons and wife to plaintiff until the conveyance of the lands described in the complaint to plaintiff by the commissioner, under decree in the action to foreclose said mortgage, no one was in the actual possession of said land; the only possession thereof was the constructive possession of the owner of the legal title to said lands; since said conveyance, plaintiff has been in the actual possession of said lands.

Upon the foregoing facts the court was of opinion that defendant had no right to enter upon said lands and to cut and remove timber therefrom on 1 February, 1925. In accordance with this opinion, and upon the admission of defendant that it had cut and removed timber from said lands, on 1 February, 1925, of the value of $1,200, judgment was rendered that plaintiff recover of defendant the sum of $1,200, with interest from 1 February, 1925. Defendant, by its assignment of error, based upon its exception to said judgment, on its appeal to this Court, presents its contention that there was error in the opinion of the court that defendant had no right to cut and remove said timber on 1 February, 1925.

It has been uniformly held by this Court that in the absence of a provision in the deed to the contrary, the sum of money required to be paid for an extension of time within which timber conveyed by a timber deed may be cut and removed from the land, after the term provided in said deed for such cutting and removal has expired, must be paid to the owner of the land at the date on which the extension is requested in accordance with the provisions of the deed. *Bennett v. Lumber Co.,* 191 N. C., 425; *Morton v. Lumber Co.,* 178 N. C., 163; *Timber Co. v. Wells,* 171 N. C., 262; *Timber Co. v. Bryan,* 171 N. C., 265. See, also, 38 C. J., 172. Such extension is not obtained by payment of the exten-

sion money to one who is not the owner of the land, on which the timber is located at the time the payment is made.

In the instant case, the court was of opinion that no extension of time for cutting and removing said timber beyond 9 March, 1920, was obtained by the payment of the extension money to William Simmons, grantor in the timber deed, on 27 February, 1920, for the reason that said Simmons, having theretofore conveyed the lands by mortgage deed to plaintiff, was not then the owner of said lands; that plaintiff, as mortgagee, was such owner.

The question presented by this appeal does not seem to have been heretofore considered or decided by this Court, or by any other court of appellate jurisdiction. This question may be stated as follows: Does the owner of timber, who holds title thereto under a deed containing the usual provisions with respect to the extension of time within which to cut and remove said timber, obtain such extension by payment of the extension money to the grantor in said timber deed, as provided therein, where said grantor, subsequent to the execution and registration of said deed, has conveyed the land on which the timber is located by a mortgage deed which was duly registered at the time such payment was made? Did defendant in this action, or its predecessor in title, obtain such extension of time from 9 March, 1920, to 9 March, 1923, by the payment of the extension money to William Simmons on 27 February, 1920, notwithstanding the fact that prior to said date the said Simmons had conveyed the land to plaintiff, by mortgage deed, which was duly recorded prior to 27 February, 1920?

The legal title to property, whether real or personal, conveyed by a mortgage deed, passes to and vests in the mortgagee, who holds the same, however, only for purposes of security. *Crews v. Crews,* 192 N. C., 679; *Moseley v. Moseley,* 192 N. C., 243; *Humphrey v. Stephens,* 191 N. C., 101; *Dameron v. Carpenter,* 190 N. C., 595; *Stevens v. Turlington,* 186 N. C., 191; *Weathersbee v. Goodwin,* 175 N. C., 234. The equitable or beneficial title remains in the mortgagor, who, as to all persons except the mortgagee, is considered the true owner of the property. With respect to the property conveyed to him as security, the mortgagee has such rights only as are required for the protection of his security, and it is for this reason that he is considered as the holder of the legal title. In *Stevens v. Turlington, supra,* it is said: "In this State mortgages are practically the same as at common law, with the exception of the mortgagor's equity of redemption and its incidents. We adhere to the doctrine that the legal title passes to the mortgagee, subject to the equitable principle that this passage of the legal title is primarily by way of security for the debt, and that for all other purposes the mortgagor is regarded as the owner of the land."

TRUST CO. *v.* JENKINS.

We must therefore hold that on 27 February, 1920, William Simmons, grantor in the deed under which defendant was then the owner of the timber, was the owner of the lands on which said timber was located, and that defendant was required to pay to him as such owner the money for the extension from 9 March, 1920, to 9 March, 1923, as requested by defendant, in accordance with the provisions of the timber deed, notwithstanding the said Simmons had theretofore conveyed said lands to plaintiff, as mortgagee.

Defendant, by the payment to said Simmons, on 27 February, 1920, of the extension money, in accordance with the provisions of the deed, obtained an extension of the time within which defendant had the right to cut and remove said timber from 9 March, 1920, to 9 March, 1923.

It follows, therefore, that by its tender of the extension money on 27 February, 1923, to plaintiff, who on said date was the owner in fee of the said land, defendant acquired the right to enter upon said land and to cut and remove the timber therefrom at any time between 9 March, 1923, and 9 March, 1926. Defendant's right to such extension was not defeated by the refusal of plaintiff to accept the money for the extension tendered by defendant on said date.

There was error in holding that defendant had no right to cut and remove the timber from the lands owned by plaintiff on 1 February, 1925. The judgment must therefore be

Reversed.