W. H. CARROLL v. LEVY BATSON ET AL.

(Filed 17 October, 1928.)

1. **Deeds and Conveyances—Timber Deeds—Construction and Operation—Mortgages.**

Where a grantor of lands reserves the right to timber thereon for a period of five years with the right of renewal thereof at expiration upon payment of a stipulated amount, and then sells the timber reserved according to this agreement, and the grantee of the lands mortgages the same, and the mortgage is foreclosed: *Held*, the purchaser at the foreclosure sale acquires title to the land, and to the timber thereon subject to the timber deed, and when no tender of the stipulated amount for renewal is made before the expiration of the five years he may enjoin further cutting of timber by the grantee in the timber deed.

2. **Trial—Taking Case or Question from the Jury—Nonsuit.**

Where the evidence is conflicting as to whether the price for an extension of time for the cutting and removing timber from lands under the provisions of a timber deed has been tendered and issue is raised for the determination of the jury, a motion as of nonsuit thereon will be denied.

CIVIL ACTION, before *Harris, J.,* at March Term, 1928, of SAMPSON.

The evidence tended to show that on 13 January, 1920, Ben W. Southerland and wife conveyed to I. L. Tilton and wife by deed recorded 16 January, 1920, 303 acres of land. Said deed contained the following reservations: "The party of the first part reserves the right to all timber eight inches in diameter and up on the above tract for a period of five years from date, with the privilege of extending said right three years by paying said party of the second part "$100 per year." Tilton and wife executed and delivered to Southerland a mortgage deed upon the land of even date and duly recorded, securing four purchase-money notes of $1,750 each. The mortgage deed made no reference to the

timber reserved in the deed. On 12 October, 1923, Southerland and wife conveyed the timber upon said land to defendants, Batson and Hopkins. The timber deed to Batson and Hopkins referred to the deed to Tilton for the land and the reservations therein, and further recited: "It is understood that the said parties of the second part are to have five years to remove said timber," etc. Batson and Hopkins executed a mortgage deed to Southerland to secure the purchase money. The defendant Dennis bought the interest of Hopkins in the timber. Southerland transferred the Tilton notes to the Atlantic Bank and Trust Company. On 13 November, 1923, the Atlantic Bank and Trust Company instituted a foreclosure suit against Southerland and Tilton and wife. In the foreclosure suit it was adjudged "that the equity of redemption of said defendants in and to the land described above be, and the same is hereby foreclosed and barred, and said lands are hereby condemned to be sold and the proceeds thereof applied in payment upon the indebtedness of defendant." It was further adjudged that W. R. Allen be appointed commissioner of the court and directed to sell the land on 18 February, 1924, pursuant to the judgment, which sale was made on 21 November, 1924. Allen, commissioner, executed and delivered to the plaintiff, Carroll, a deed for the land formerly owned by Tilton. The commissioner's deed recites that Ben W. Southerland became the last and highest bidder for the land and that the sale was confirmed. But it further appears that since confirmation Southerland with the approval of the court transferred his bid to Carroll, and the court directed the commissioner to execute and deliver the deed for said land to Carroll. It would therefore seem that Southerland was not considered by the court as the purchaser of the land, but that Carroll, the plaintiff, was the actual purchaser. An injunction restraining the defendants from cutting timber on the land had been issued and continued to the hearing. The plaintiff contended that the extension money had not been tendered to him for the privilege of cutting on or before 13 January, 1925. The defendants offered evidence to the contrary. At the close of the evidence the defendants moved for judgment as of nonsuit and for dissolving the restraining order.

The trial judge decreed: "It is thereupon considered, ordered and adjudged that the plaintiff take nothing by his said action; that the defendants, Batson and Dennis, are the owners of the timber described in the pleadings herein and have the right to renew the same at any time until 1 February, 1931, same being the time granted to them after allowing the time which has elapsed during the pendency of this action when they were prevented from exercising said right." It was further adjudged that the injunction be dissolved and the plaintiff taxed with the cost.

From said judgment the plaintiff appealed.

*Faircloth & Fisher for plaintiff.*
*Richard L. Herring and R. D. Johnson for defendants.*

BROGDEN, J. What interest does the grantee of land have in timber reserved therefrom in the deed of the grantor?

This question was considered by the Court in *Mining Co. v. Cotton Mills,* 143 N. C., 307, 55 S. E., 700. The law is thus stated where the land was conveyed in fee with an exception or reservation of the timber: "In such case, if a time or event is specified upon which the timber must be cut, the reservation expires upon the happening of the event or expiration of the time. . . . Whether the right to cut timber is a grant, or a reservation, it expires at the time specified. When no time is specified a grantee of such right takes upon the implied agreement to cut and remove within a reasonable time. He has bought the timber for that purpose, whereas when a grantor of the fee reserves or excepts the timber, he is not providing for timber-cutting, but reserving a right, and should be entitled to hold till this is put an end to by the grantee giving notice for a reasonable time so that the grantor may elect to cut or sell this right to another."

Again in *Hornthal v. Howcott,* 154 N. C., 228, 70 S. E., 171, the owner of the land sold the timber with the right to cut and remove the same within four years. Thereafter he sold the land by deed reciting the reservation of the timber. It was held that the grantee of the land was the owner of all the timber not cut within the time stipulated. It has been further held that notice that an extension privilege would be exercised must be given to the grantee of the land. *Bateman v. Lumber Co.,* 154 N. C., 248, 70 S. E., 474; *Kelly v. Lumber Co.,* 157 N. C., 175, 72 S. E., 957; *Powell v. Lumber Co.,* 163 N. C., 36, 79 S. E., 272.

In *Shannonhouse v. McMullan,* 168 N. C., 239, 84 S. E., 259, the Court said: "Applying these principles, if the timber should not be cut in five years it would then belong absolutely to the defendants as purchasers of the land, and they could cut it when they wished to do so. In other words, when the defendants bought the land they also bought the right to extend the time for cutting, and the latter was merged in the title to the land, and therefore no interest can become due."

It is clear, therefore that, under the decisions applicable, Tilton as purchaser of the land from Southerland acquired title to all the timber reserved by the grantor Southerland at the expiration of the reservation contained in the deed. In other words, at the expiration of the reservation the timber followed the land and became a part thereof. Hence the timber deed to Batson and Hopkins could not enlarge the right of the grantor Southerland to the reserved timber nor impair the interest of

Tilton, the owner of the land. The execution and delivery of the purchase-money mortgage on the land by Tilton to Southerland did not have the effect of enlarging the right of Southerland or his interest in the timber. "The legal title to property, whether real or personal, conveyed by a mortgage deed, passes to and vests in the mortgagee, who holds the same, however, only for purposes of security. The equitable or beneficial title remains in the mortgagor, who, as to all persons except the mortgagee, is considered the true owner of the property. With respect to the property conveyed to him as security, the mortgagee has such rights only as are required for the protection of his security, and it is for this reason that he is considered as the holder of the legal title." *Bank v. Lumber Co.,* 193 N. C., 757, 138 S. E., 125.

Under the foreclosure proceeding and the deed from Allen, commissioner, pursuant thereto, Carroll, the plaintiff, became the purchaser of the land. The manifest effect of the foreclosure proceeding was to divest Tilton of title to the land by barring and destroying his equity of redemption. The plaintiff, Carroll, as purchaser of the land at the foreclosure sale, succeeded to the right of Tilton. As heretofore pointed out, Tilton was entitled to all timber not cut within five years or during the extension privilege specified in the deed from Southerland to him. The deed provided that the extension privilege was dependent upon payment to Tilton of the sum of "$100 per year." Carroll, the purchaser of the land at the sale, testified that no extension money had been tendered or paid to him on or before 13 January, 1925, when the original five-year reservation period expired. The defendants offered evidence to the contrary. Therefore an issue of fact is sharply drawn and such issue must be determined by a jury.

Reversed.