# Wytheville

A. T. AND C. E. CURTIS V. N. P. PEEBLES, ET ALS.

June 15, 1933.

Present, All the Justices.

The opinion states the case.

*Harry L. Snead,* for the plaintiffs in error.

*William Earl White,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

The defendants in error instituted an action by notice of motion in the trial court against the plaintiffs in error to recover the value of certain timber claimed to have been wrongfully removed from the premises of the defendants in error. A jury was waived and the case was submitted to the trial court upon a demurrer to the notice of motion and an agreed stipulation of facts. Judgment was rendered in favor of the defendants in error for $435.00, and that judgment is brought under review by the present writ of error.

N. P. Peebles and others were the plaintiffs and A. T.

and C. E. Curtis were the defendants in the trial court, and they will be referred to as such here.

The plaintiffs owned jointly, together with one George Howard a certain tract of land containing 387 acres in Prince George county which had been devised to them under the last will and testament of Mary E. P. Bragg, deceased, who, in her lifetime, had sold and conveyed, by deed bearing date September 3, 1923, the pine and poplar timber on said tract to Mary Dobie Peebles and others. A period of five years was granted the grantee to cut and remove the timber. This period expired on September 3, 1928, and the grantees exercising an option for additional time, provision for which was made in the deed, were entitled to an extension of time to September 3, 1930, to cut and remove the timber. The pertinent provision of the deed and the only one necessary to be considered reads as follows:

"It is further agreed that the said parties of the second part, their heirs or assigns, shall have five years to cut and remove said pine and poplar trees, and at their option shall have five additional years to cut and remove said pine and poplar trees by paying six per centum interest on purchase price for the five additional years or any part thereof until cut. It is further agreed that the parties of the second part shall have all rights to locate proper milling outfits and shall have the right to construct necessary roads for hauling timber to mills and removing lumber from mills; and shall have all necessary acreage for lumber yards, racking, piling, etc., such as is used by any ordinary saw mill." * * *

On April 8, 1929, the plaintiffs sold and conveyed, by deed of that date, the pine and poplar timber, to the defendants, A. T. and C. E. Curtis, and the latter were granted one year from July 1, 1929, to cut and remove the said timber. The one year period expired on July 1, 1930. The only provision in this last deed, necessary to be considered, reads as follows:

"The parties of the first part further grant to the parties of the second part a period of one year from July 1, 1929,

to cut and remove said trees, boughs, tops and bark thereof, and said parties of the second part at their option, shall have three additional years to cut and remove said property by paying to the heirs of Mrs. M. E. P. Bragg six per centum (6%) interest per year on the sum of seven thousand, two hundred and fifty dollars ($7,250.00), for the additional period, not exceeding three years, until the timber is cut. And the parties of the second part covenant that in so doing they will do as little injury and damage as possible, to the grass, crops and other property of the said vendors, and will also make compensation to the said vendors for all injury or damage so done."

The time for the cutting and removal of the timber expired on July 1, 1930, and prior to that time the timber had been cut but not removed. The following year, after the time for removal had expired, it was removed by the defendants and this gave rise to the present litigation.

The sole question to be determined is whether the defendants had the right to remove the timber (it having been manufactured into lumber), after July 1, 1930. This question involves the title to the lumber and the pertinent provisions of the two deeds which have been set forth.

The defendants contend that the time limit fixed in the deeds applied only to the cutting of the timber and not to its removal; that they had a reasonable time within which to remove it. The plaintiffs contend that the time limit applied to both the cutting and removal of the timber and that it not having been removed within the required time, though cut and manufactured into lumber, the title to such lumber which was not removed prior to July 1, 1930, was vested in them, and it having been agreed that it was removed on June 2 to 6, 1931, they were entitled to a judgment for the value of such lumber.

Counsel for the defendants found their case on this language of the deed:

"And said parties of the second part, at their option shall have three additional years to cut and remove the said

property, by paying to the heirs of Mrs. M. E. P. Bragg six per centum (6%) interest, per year, on the sum of seven thousand two hundred and fifty dollars ($7,250.00), for the additional period, not exceeding the three years, until the timber is cut."

They contend that the last words in the provision, "until the timber is cut" means that they were entitled to the lumber after it was cut even though it had not been removed within the time. We do not agree that the defendants had title to the lumber after it had been cut. The language of both deeds clearly shows that the intention of the parties was that the timber should be, not only cut, but removed within the designated time. This would seem to be the only reasonable interpretation that could be placed upon the language used. To adopt the contention of the defendants would require the exclusion from the deeds of language manifesting the dominant purpose of the parties that the timber should be cut and *removed* within the required time. The words quoted "until the timber is cut" are not in and of themselves sufficient to authorize the court to reject the meaning which can plainly be gathered from the whole instrument, that the timber was not only to be cut but to be removed within the time. The express language employed permits no other reasonable interpretation.

Similar contracts have been considered by this court. In *Wright* v. *Camp Mfg. Co.*, 110 Va. 678, 66 S. E. 843, it was held that the grantee under a similar timber contract, which contained a definite time limit or period for the cutting and removal of the timber obtains title to only so much of the timber as is actually cut and removed within the designated time.

In *Smith* v. *Ramsey*, 116 Va. 530, 82 S. E. 189, 191, 15 A. L. R. 32, the *Wright Case* was followed and its principles applied. The court said: "It is clear from the language used, taking the words in their ordinary and popular sense, as they must be since there is nothing in the case to show that they were understood in a different sense, that

it was the intention of the parties that the timber should be cut and removed from the defendants' land within two years. * * *"

This statement applies forcibly to the case at bar and expresses our view as to the meaning of the parties.

See, also, *Hartley, et als.* v. *Neaves, et als.*, 117 Va. 219, 84 S. E. 97.

In *Blackstone Mfg. Co.* v. *Allen*, 117 Va. 452, 85 S. E. 568, 570, the court said: "The decisions of this court construing 'timber contracts' such as is under consideration in this case, which are in perfect accord with a large majority of the decisions of the courts in other jurisdictions construing similar deeds or contracts, are to the effect that absolute title to the timber never passes out of the grantor until the grantee cuts and removes the timber within the period of time allowed by the contract for so doing; that there is no 'forfeiture' of the timber remaining uncut or unremoved after the time limit because there is nothing to forfeit; that there is no 'implied condition subsequent' because there is an express condition precedent (to the passing of absolute title) in the contract itself."

Construing the deeds in the case at bar in the light and under the authority of the Virginia cases referred to, our conclusion is that the defendants wrongfully removed the lumber after the specified time had passed and for so doing they are liable to the plaintiffs.

In the agreed statement of facts it was agreed that if the defendants were liable to the plaintiffs for the lumber removed after the agreed time, the amount of damage should not exceed $435.00. This was the exact amount for which the court rendered its judgment. No objection was made in the trial court to the amount of the judgment and no objection on this ground can now be made for the first time in this court. We therefore deem it unnecessary to pass upon the objection of the defendants that the judgment was for a sum in excess of what was proper.

The judgment is affirmed.

*Affirmed.*

EPES, J., concurring.

I concur in the opinion of the court, because I feel bound by the decisions of this court in the case of *Blackstone Mfg. Co.* v. *Allen,* 117 Va. 452, 85 S. E. 568.