# Staunton

## Silas Hall v. W. M. Ritter Lumber Company.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Eggleston, JJ.

The opinion states the case.

*S. H. & George C. Sutherland*, for the plaintiff in error.

*Earle P. Rose, Walter Lee Rush* and *A. A. Skeen,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Plaintiff in error, plaintiff in the lower court, instituted this action to recover the value of standing timber cut and removed from his premises, and incidental damages to the land in so doing. The trial court, on motion of defendant, the W. M. Ritter Lumber Co., struck the evidence and entered judgment for it.

While plaintiff assigns four errors to the ruling of the trial court, the decision in the case turns on the construction of a deed dated August 22, 1921, by which plaintiff conveyed certain standing timber on the land described therein to defendant. This deed contains the usual provisions permitting the buyer to use the premises for the purpose of locating sawmills, the building of temporary roads, the erection of structures, and to do other things incidental and necessary to the cutting, manufacturing, and removing of the standing timber. The provision in the deed which limits the time in which the grantee is given to cut and remove the timber, reads thus: "First: the said party of the second part, its successors and assigns, shall have the period of ten (10) years from the date of this deed within which to cut and remove the trees and timber hereby conveyed; provided, however, that such limitation does not and shall not affect or limit any other rights or privileges hereby granted. However, if any or all of the trees and timber hereby granted are standing upon the said lands at the expiration of the said ten (10) years, the said party of the second part, its successors or assigns, shall have and is hereby granted an additional period not to exceed five (5) years to remove the same. But the said party of the second part, its successors or assigns, shall pay to the parties of the first part, for the time the said trees and timber shall remain uncut and not removed during such extension the sum of six per cent (6%) per annum, payable semi-annually on a sum equal to the value of the said trees and timber still

standing, when computed on the basis of the price paid for said trees and timber."

The timber was not cut and removed within the ten year period. The facts regarding the extension of time for cutting and removing the timber are not seriously controverted, and are stated by plaintiff in his petition thus: "It is not clear from the record, but it is true and plaintiff for the sake of this record concedes it to be a fact that four of these semi-annual payments were made instead of two; in 1931, a payment was made for a whole year and the same was done in 1932. We make this statement because it might appear that in 1931, the payment was only made for six months and again in 1932 for a like period. All but 189 of these trees were cut and removed by August 22nd, 1933; but 189 of same had not been cut until the late fall or early winter of 1933, which was after the twelve year period paid for had expired."

Defendant contends that the language "said party of the second part shall have, and is hereby granted, an additional period, not to exceed 5 years, to remove the same" gives it, as a matter of right, 15 years from the date of the deed, in which to cut and remove the standing timber from the premises; that a proper construction of the whole instrument entitles the grantee to permit the timber to remain on the land for a period of 10 years, without additional cost, but "if any or all trees and timber granted are standing upon said land at the expiration of said 10 years," then the grantee was required to compensate the grantor for the additional time, not to exceed 5 years, the timber remained on the land.

**▮▮** This is the same argument which has been repeatedly urged upon this court, and as repeatedly rejected; namely, that the provision regarding payment for extension privileges in a timber deed is a covenant, and not a condition. This argument is fallacious because it is optional with the grantee whether or not the extension privilege will be exercised. The grantor is bound to extend the time beyond the original period fixed, upon performance by the grantee of the conditions stated in the deed.

**▮** It is definitely settled in this jurisdiction that a deed

to standing timber, with a right for a fixed period to cut and remove the same, does not convey an absolute, or an unconditional title to the timber, but only conveys title to such timber as may be cut and removed within the fixed period. See *Young* v. *Camp Mfg. Co.*, 110 Va. 678, 66 S. E. 843; *Brown* v. *Surry Lumber Co.*, 113 Va. 503, 75 S. E. 84; *Quigley Furniture Co.* v. *Rhea*, 114 Va. 271, 76 S. E. 330; *Smith* v. *Ramsey*, 116 Va. 530, 82 S. E. 189, 15 A. L. R. 32; *Curtis* v. *Peebles*, 160 Va. 735, 169 S. E. 548.

This court has also held that provisions in such deeds, extending the time in which to cut and remove standing timber, were in the nature of options, the consideration for which was included in the payment of the purchase price; that the grantor had no right to withdraw the privilege to the extension before the expiration of the original period, and that the grantee was entitled to the additional time stated only in the event that he had done two things before the expiration of the original period; namely, notified the grantor of his intention to claim the privilege, and paid or made tender of payment of the stipulated amount.

The cases from other jurisdictions were reviewed, and the above rule announced in *Hartley* v. *Neaves*, 117 Va. 219, 84 S. E. 97. At page 228 of 117 Va., 84 S. E. 97, 99, this is said: "The rule of construction of timber deeds or contracts followed in the cases cited imposes no unreasonable burden or hardship upon the grantee or vendee in such deeds or contracts. Those cases are directly in point here, and the ruling therein rests upon sound and logical reasoning. Not only so, but in the very terms of the contract we have under consideration, as would seem clear, appellants could only secure the privilege of removing the timber after the five year period, fixed in the contract as the time limit for the removal of the same, expired, by notice given to appellees of their intention to exercise that privilege and paying or tendering the stipulated amount required to be paid for the extension on or before the expiration of the first-named period granted in the contract. * * * If appellants could wait over ninety days before giving such notice and paying or tender-

ing the money to be paid by them for an extension of time for the removal of the timber, they could have as well waited till the end of the year following the expiration of the five year limit of the time and thus left appellees in suspense as to their right to dispose of their timber, and as to the use they could make of their land upon which the timber is standing." This case was cited and followed in *Blackstone Mfg. Co. v. Allen*, 117 Va. 452, 85 S. E. 568.

While the verbiage in the extension provision under consideration is somewhat different from the deeds construed in the two preceding cases, there is no substantial difference in meaning. The deed describes the timber standing upon certain tracts of land and then gives to the grantee a certain definite period (10 years) in which to cut and remove the same from the premises. It then provided for an extension of the time for a period, not exceeding five years. It was the intention of the parties, and admitted by defendant, that the grantee was not to have the benefit of this extension without compensation. The compensation provided for was 6% per annum, payable semi-annually, on a sum equal to the value of said trees and timber still standing at the end of the ten year period, computed on the basis of the purchase price paid for said trees and timber. The exact amount of the payment required could be determined only by ascertaining the quantity of timber standing on the premises just before or on the day that the ten-year period expired. It seems reasonably clear that the parties contemplated payment of the amount so determined at that time. In *Blackstone Mfg. Co. v. Allen, supra*, 117 Va. 452, at page 461, 85 S. E. 568, 570, this is said: "The purchase price of the timber in the case cited was $250, and lawful interest on that amount for one year is $15, while in the present case the purchase price of the timber was $3,000, upon which the lawful yearly interest would be $180; hence, it appears that in both instances the same method of calculation of the amount to be paid for an extension of the period fixed for the cutting and removal of the timber granted was adopted. 'The yearly interest on the

purchase price' clearly means the interest for one year on the purchase price, * * * ."

It was not expressly stated in the deed construed in that case, or in the deeds previously construed, that the yearly interest on the purchase price should be paid in advance, yet it was held that before the grantee was entitled to claim the privilege, notification to that effect was required to be given the owner of the property before the expiration of the period originally allotted, with a tender of the stipulated amount.

The parties to this litigation have so construed the above provisions. Before the expiration of the original ten year period the grantee notified the grantor that the additional time was desired, and paid him the stipulated amount for one year's extension. Before the expiration of the eleventh year, the grantee again notified the grantor of its intention to claim additional time, and paid the stipulated amount which entitled defendant to cut, manufacture, and remove the timber at any time within the twelfth year from the date of the deed. It permitted this period to expire without taking any steps to gain any further extension of time. Thus the parties have twice acted upon the assumption that these provisions required the grantee to act before the expiration of the time stated. Defendant cannot now object to the court adopting the construction of the instrument which it previously adopted and acted upon with the acquiescence of plaintiff.

The trial court, in effect, held that under its construction of the deed, the defendant had a right to enter plaintiff's land for the purpose of cutting and removing the timber still standing, and that the damage proven to have been done to the land, by defendant, was only incidental to the cutting and removing of such timber. Upon that theory the trial court's ruling was correct, but in view of the fact that we are of opinion that the trial court erred in its construction of the deed, it follows that plaintiff is not only entitled to recover the value of the timber cut and removed, but all provable damage done to the realty in so doing.

For the reasons stated, the judgment of the trial court is

reversed, and the case is remanded for a new trial to be held in accord with the views herein expressed.

*Reversed and remanded.*