# Richmond

## JOHN GOIN v. O. W. ABSHER.

April 25, 1949.

Record No. 3468.

Present, All the Justices.

The opinion states the case.

*George Abbitt, Jr.*, and *J. V. Lewis*, for the appellant.

*John B. Boatwright* and *A. L. Pitts, Jr.*, for the appellee.

HUDGINS, C. J., delivered the opinion of the court.

On January 18, 1945, Mildred F. Baldwin, the owner of the fee, and her husband, in consideration of $550, conveyed to O. W. Absher the standing timber on approximately 100 acres of land lying in Appomattox county. The grantee was given two years from the date of the deed in which to cut and remove the timber, and the privilege of an extension of time to exercise said rights in the following language: "And if for any good reason on account of scarcety of labor or other emergency, the party of the second part cannot get the timber sawe and off of said place within tw— years, parties of the first part agrees to extend the time for cutting and removing timber from said place a reasonable time, and the party of the second part in consideration of the extention of time is to pay parties of the first part six per cent interest on the purchase price from the day the extention of time begins."

The grantee covenanted that in cutting and removing the timber and exercising the other rights given him under the deed, he would "do as little injury or damage as possible to the grass, crops and other property of the said parties of the first part, and will also make compensation to the parties of the first part for all injury or damage so done. And also will amend and repair all such fences and hedges upon the said property as shall have been injured or damaged while cutting down, felling and carrying away said timber and trees."

On May 23, 1946, within the two-year period, Mildred F. Baldwin conveyed the land, without reservation or exception, by general warranty deed, to John Goin.

On January 13, 1947, five days before the expiration of the two-year period, O. W. Absher paid Mrs. Baldwin $66 (6% interest for two years on the purchase price) and received from her an instrument under seal granting him an additional two years in which to cut and remove the timber and to exercise other privileges.

The recordation of the timber deed to Absher and of the

deed to Goin was constructive notice of the respective rights of the parties. However, both Absher and Goin had actual knowledge of the contents of the two deeds.

Absher made no entry upon the land for the purpose of cutting and removing the timber until February, 1948, at which time Goin informed him that his rights had expired and that he would not be permitted to cut and remove the timber. Absher immediately applied for and obtained an injunction restraining John Goin from interfering with him in cutting and removing the timber until January 18, 1949. From a decree declaring that Mrs. Baldwin had a right to extend the time and enjoining the land owner from interfering with Absher in the exercise of his right to cut and remove the timber, Goin obtained this appeal.

The question presented is whether the obligation to extend time to cut and remove timber and receive compensation therefor remained in Mrs. Baldwin, or passed by her deed to the grantee of the land.

The solution of the problem depends upon (1) the rights conveyed to the purchaser of the timber, and (2) the rights conveyed to the purchaser of the land.

The numerous decisions of this court, construing timber contracts or deeds of similar import to the one now under consideration, were reviewed in *Hall* v. *Ritter Lbr. Co.*, 167 Va. 95, 187 S. E. 503, where we said:

"It is definitely settled in this jurisdiction that a deed to standing timber, with a right for a fixed period to cut and remove the same, does not convey an absolute, or an unconditional title to timber, but only conveys title to such timber as may be cut and removed within the fixed period. See *Young* v. *Camp Mfg. Co.*, 110 Va. 678, 66 S. E. 843; *Brown* v. *Surry Lbr. Co.*, 113 Va. 503, 75 S. E. 84; *Quigley Furniture Co.* v. *Rhea*, 114 Va. 271, 76 S. E. 330; *Smith* v. *Ramsey*, 116 Va. 530, 82 S. E. 189, 15 A. L. R. 32; *Curtis* v. *Peebles*, 160 Va. 735, 169 S. E. 548."

The above is said to be the majority rule and it is in accord with the weight of authority. 54 C. J. S., Logs and Logging, sec. 19, p. 699.

Title to the timber remained in Mrs. Baldwin and did not pass unless it was cut and removed within the specified time. This interest in the timber was a right which Mrs. Baldwin could convey or which she could retain. She was under obligation to extend the time to cut and remove only in the event that the purchaser complied with the conditions stated in the deed as a prerequisite therefor. This court, in the cases cited above, has held that the right to the extension of time in timber contracts is in the nature of an option whereby the owner of the land is bound and the purchaser of the timber is not bound, and to claim the option or privilege of extension "a notification to that effect is required to be given the owner of the property before the expiration of the period originally allotted with a tender of the stipulated amount." *Blackstone Mfg. Co.* v. *Allen*, 117 Va. 452, 85 S. E. 568. Whether Mrs. Baldwin retained the benefits, that is, the right to compensation for the extension, coupled with the right to impose the burden for additional time upon the land, depends upon the language she used in the deed conveying the land to Goin. In the absence of specific reservation or exception the grantee of the fee, with notice, takes the land subject to the burden and with the right to receive the benefit.

The facts in *Carpenter* v. *Camp Mfg. Co.*, 112 Va. 300, 71 S. E. 559, were that John W. Harrison and his wife conveyed the standing timber on a tract of land to the Brunswick Lumber Company and provided that the company should have five years in which to cut and remove the timber and "such further time in which to remove the same as they may desire" by the payment of 6% per annum on the amount of the purchase price. Subsequently, John W. Harrison conveyed the land to W. R. Carpenter, but in this conveyance the right to receive compensation for the extension of time was retained in the following language: ". . . but there is reserved to the parties of the first part all the timber on said land heretofore conveyed to the Brunswick Lumber Company, and all rights under the

contracts of sale to said Lumber Company, whether of reversion of said timber or payments to be made by said company for any cause and all other rights whatever." John W. Harrison died testate and named his wife as sole beneficiary. It was held that the purchaser of the timber had a right to an extension of a reasonable time in which to cut and remove the timber and that the devisee of Harrison was entitled to compensation for such extension. See *Richardson* v. *Cooler*, 115 S. C. 102, 104 S. E. 305.

There were no reservations or exceptions stated in the deed conveying the land in *Jeffreys-McElrath Mfg. Co.* v. *Faulk*, 52 Ga. App. 324, 183 S. E. 108. In that case the owner of land conveyed the standing timber to the Jeffreys-McElrath Mfg. Co. and provided that the grantee should have five years in which to cut and remove the same and "such additional time not exceeding five years as may be desired, in which to cut, saw and remove the timber, * * * but for such additional time" the company should pay to the grantor 10% per annum of the purchase price to become due and payable at the end of each additional year so long as the privileges were exercised. Within the original five-year period, the owner conveyed the land by general warranty deed to C. and made no reservation of the timber or reference to the timber deed which had been duly recorded. Within six days of the expiration of the original five-year period, the company paid a lump sum to its immediate grantor of the timber for the full five years extension. Thereafter the timber was cut and removed. C., the then owner, instituted an action against the Jeffreys-McElrath Mfg. Co. to recover compensation for the extended time. The company defended on the ground that its original grantor was entitled to the consideration for the extension and that the rights of such grantor did not pass to C., the grantee of the land under the warranty deed. The court overruled this contention, and in so doing, said:

"Had the timber not been removed, it would certainly have belonged to the defendants in error, the grantees in the deed to the land. The timber reversion having passed,

it would seem that all rights incident thereto and connected therewith also passed. The deed to them conveyed the land, with 'all and singular the rights, members and appurtenances thereunto belonging.' The provision in the timber contract for an extension of time was in the nature of an option (*Edmondson* v. *Boyd Lbr. Co.*, 34 Ga. App. 274, 129 S. E. 168), which runs with the land. The right to exercise this privilege or option was in the purchaser of the timber contract; the right being against the owner to go on the land and remove the timber, which was part of the realty, but this was not done until after the land and all the rights and interest of the grantor were conveyed by warranty deed to the defendants in error. These rights being against the owner and a burden on the land, it seems but reasonable and right that the owner of the land should receive the consideration paid for the exercise of such rights." *Gilford* v. *Ward Rue Lbr. Co.*, 17 F. Supp. 431; Annotation 164 A. L. R. 461; *Carroll* v. *Batson*, 196 N. C. 168, 145 S. E. 9, and numerous cases therein cited.

The deed to Goin contains the usual covenants of general warranty, and the following paragraph: "To have and to hold unto the said grantee in fee simple forever." While this paragraph containing one sentence neither adds to nor detracts from the force and effect of the deed, it is an express statement of the intention of the grantor to convey to the grantee an absolute estate in the property described. No right, title, equity, claim or interest of any kind, vested or contingent, in and to, or growing out of the ownership of the land remained in the grantor.

"A fee simple is a freehold estate of inheritance, free from conditions and of indefinite duration. It is the highest estate known to the law, and is absolute, so far as it is possible for one to possess an absolute right of property in lands." *Yeager* v. *Fairmont*, 43 W. Va. 259, 261, 27 S. E. 234.

" 'Absolutely' is the word by which the largest estate in personal property is best expressed, and 'fee simple' is the

usual and technical term for a like estate in real property." *McComb* v. *McComb*, 96 Va. 779, 781, 32 S. E. 453.

"A fee simple is an estate of perpetuity, and confers an unlimited power of alienation, and no person is capable of having a greater estate or interest in land." *Smith* v. *Smith*, 122 Va. 341, 94 S. E. 777, 780.

Section 5163 of the Code provides, "Every such deed conveying lands shall, unless an exception be made therein, be construed to include all the estate, right, title and interest whatever, both at law and in equity, of the grantor in or to such lands."

The deed to Goin is absolute, but inasmuch as he had notice of the outstanding rights of Absher, he took the land subject to the right of the purchaser to cut and remove the timber within the two-year period, and he was bound to extend the time for the removal of the timber only in the event that Absher brought himself within the terms of his option. Although Absher knew that his immediate grantor had conveyed the land in fee to Goin he did not notify him of his desire to obtain an extension, nor did he tender to him (Goin) the payment of the sum stipulated as compensation therefor.

Appellee moved to dismiss the appeal on the ground that the issues presented are now moot, because the injunction obtained by him to restrain Goin from interfering with him in the cutting and removal of the timber expired, by its own limitation, on January 18, 1949.

The issues raised are not moot. The dominant question decided by the trial court in the decree from which this appeal was taken is that Mrs. Baldwin had the right to extend the burden upon the land notwithstanding the fact that she had conveyed, without reservation, the fee to Goin.

The temporary injunction order was entered on February 3, 1948. The case was fully matured, and final order entered by the lower court on April 14, 1948. An appeal and supersedeas were granted on September 1, 1948. The record is silent as to whether appellee cut and removed a part or all of the timber between February 3, and Septem-

ber 1, 1948, during which period the owner was enjoined and restrained from interfering with him in so doing. If appellee cut and removed the timber within that period, and the case is now dismissed as moot, the final decree of the trial court entered on April 14, 1948, could, and doubtless would, be pleaded in bar to an action for damages.

The motion to dismiss the appeal is overruled, the ·decree of the trial court reversed, and the case remanded.

*Reversed and remanded.*